## GEORGE W. NESBITT *vs.* ST. PAUL LUMBER COMPANY.

### April 29, 1875.

Conversion of Logs—Measure of Damages.—C. and S. wrongfully cut logs from the land of plaintiff, and sold them to T., who sold them to defendant, who converted them at Anoka. The defendant bought the logs without notice of the original wrongful taking. By the cutting and transportation to Anoka, the logs were greatly enhanced in value. *Held,* that in an action by plaintiff against the defendant for the conversion, he is entitled to recover the full value of the logs at Anoka at the time of the conversion, with interest from that date.

Action for the conversion by defendant, at Anoka, of 200,000 feet of pine saw logs, of the value of $1,600, the property of plaintiff, to plaintiff's damage in that sum. Defence, that the defendant, at the times mentioned in the complaint, had in its possession 195,132 feet, and no more, of pine logs of the marks described in the complaint, and that such logs were defendant's property.

At the trial in the district court for Anoka county, before *Vanderburgh,* J., it appeared that the logs in question were cut on plaintiff's land, without his permission, in the winter of 1872–3, by Clinch & Seely, and in January, 1873, were sold by them to one Teller, who bought in good faith, and without notice of any claim of plaintiff upon them. The log mark on the logs having never been recorded, Teller caused it to be recorded in his own name, in the office of the surveyor general of the district, at Minneapolis, on January 29, 1873. On March 1, 1873, plaintiff caused to be recorded in the same office a notice stating that all logs in the Mississippi river, or in Rum river or any of its tributaries, bearing such mark, belonged to him, that no other person had any interest therein, or right to dispose of the same, and that the pretended claim of Clinch & Seely, or any other person than plaintiff, to such logs, was fraudulent. Teller drove the logs into the Anoka boom, in April and May, 1873, and in the latter month sold them to defendant, who bought without any knowledge of any claim of plaintiff upon them.

The conversion by defendant, on June 1, 1873, was admitted. It also appeared that the value of the logs at Anoka was $6 per thousand feet.

The court, defendant excepting, instructed the jury " that in case they found for the plaintiff, upon the evidence in the case, and the law as given, the proper measure of plaintiff's damages would be the value of the logs in question, at the time of the conversion thereof by the defendant, with interest from that date ;" and in case they so found for the plaintiff, to find specially the value of the logs, considered as standing timber, at the time and place where they were cut. The jury found for the plaintiff for $1170.79 damages, with $52.94 interest from June 1, 1873. They also found the value of the stumpage of the logs to be $2.50 per thousand feet. A motion for a new trial was made and denied, and defendant appealed.

*Butterfield & Thornton*, for appellant.

The true measure of damages is the value of the trees when standing on the ground, in other words, the stumpage. *Silsbury* v. *McCoon*, 4 Denio, 332 ; *Goller* v. *Fett*, 30 Cal. 481 ; *Single* v. *Schneider*, 30 Wis. 570.

*W. Hammons*, for respondent.

GILFILLAN, C. J. The jury in this case have settled the questions that the plaintiff was the owner of the logs, and that the defendant converted them at Anoka. The defendant claims that because they were enhanced in value by the labor of the original wrongdoer in cutting them, and by the expense of transporting them to Anoka, the plaintiff is not entitled to recover the enhanced value ; that is, that he is not entitled to recover the full value at the time and place of the conversion. That plaintiff did not lose his property in the logs by the wrongful removal of them is admitted. He was as much the owner of them at Anoka, where they were converted, as on his land, where they were wrongfully taken from him. This being so, his right to recover the logs themselves, or their value at the time and place of conversion, would seem to follow of course.

The only case in which a different rule was adopted, is *Single* v. *Schneider*, 30 Wis. 570,—a case nearly analogous to this,—in which the court, while it admitted the right of the owner to recover the logs by replevin, held that he could recover only the value of the stumpage, and not the enhanced value. This case we consider at variance, not only with every adjudication on the point, but with principle; for the wrongdoer can be permitted to retain a part of the value, only on the ground that he has a property in the chattel, to the extent of that part of the value that he is allowed to retain. We cannot better state the rule acknowledged by all the cases, except that in Wisconsin, than by quoting from the opinion of the court in *Silsbury* v. *McCoon*, 3 N. Y. 379 : " And if the wrongdoer sell the chattel to an honest purchaser, having no notice of the fraud by which it was acquired, the purchaser obtains no title from the trespasser, because the trespasser had none to give. The owner of the original material may still retake it in its improved state, or he may recover its improved value. The right to the improved value in damages is a consequence of the continued ownership. It would be absurd to say that the original owner may retake the thing by an action of replevin, in its improved state, and yet that he may not, if put to his action of trespass or trover, recover its improved value in damages." The judgment appealed from is affirmed.