MYRON SHEPARD *vs.* C. H. PETTIT and another, Administrators.

June 14, 1883.

Conversion of Logs—Measure of Damages.—Rule of damages laid down in *Nesbitt* v. *St. Paul Lumber Co.* 21 Minn. 491, followed.

Appeal by plaintiff from a judgment of the district court for Washington county, where the action was tried before *McCluer,* J., without a jury. A former appeal in this action by plaintiff was dismissed by this court. See opinion, *ante,* p. 119, for statement of case.

*J. N. & I. W. Castle,* for appellant.

*Babcock & Davis,* for respondents, cited *Wooden-Ware Co.* v. *United States,* 106 U. S. 432; *Weymouth* v. *Chicago & N. W. Ry. Co.,* 17 Wis. 550; *Winchester* v. *Craig,* 33 Mich. 205.

GILFILLAN, C. J. On a former appeal brought by defendant, the right of plaintiff to recover was affirmed. On this appeal, brought by plaintiff, the only question raised is as to the amount which he is entitled to recover. The court below allowed the value at the place of conversion, less the sum expended by defendant in preparing the logs for and bringing them to market. The case comes within the

rule laid down in *Nesbitt* v. *St. Paul Lumber Co.*, 21 Minn. 491, and the rule adopted by the court below is erroneous, unless there be something in the case to distinguish it from that.   Respondent claims that it comes within the rule laid down in some cases, that when in good faith, believing that he has a right to do so, one wrongfully cuts and removes standing trees, the damages are the value of the trees on the land.   The facts do not raise the question decided in those cases, for it does not appear that defendant acted in good faith, or in the belief that he had a right to cut the trees.   He stands, on the facts found, as a mere wrong-doer.

Let the judgment be modified, so that plaintiff shall recover the sum of $2,167.97, with interest from June 10, 1881, and costs.