ALANSON HINMAN *vs*. AUGUST V. HEYDERSTADT and another.

June 30, 1884.

**Trespass to Realty under Claim of Title—Cutting Grass—Damages.**
Defendant peaceably entered on the premises in controversy under a *bona fide* claim of title, and cut and removed the grass growing thereon. The title having been subsequently adjudged to be in the plaintiff, *held*, in an action by him for the conversion of the hay, that the proper measure of his damages was the value of the standing grass, and not the value of the hay after it was removed. *Nesbitt* v. *St. Paul Lumber Co.*, 21 Minn. 491, distinguished.

**Same—Trespass by Mistake or Inadvertence—Damages.**—When a trespass is the result of inadvertence or mistake, and there is no intentional wrong, the value of the property when first taken must govern; or, if the conversion sued for was after value had been added to it by the work of the defendant, he should in such cases be credited with this addition.

This action was brought in the district court for Scott county, to recover the value of hay cut by the defendants upon the premises of plaintiff. The defendants had entered upon the land and cut the hay under a *bona fide* claim of title.

The action was tried before *Macdonald*, J., and a jury, who brought

in a general verdict for plaintiff for $386.75. The jury found specially that the defendants (during the four seasons they were in possession) had cut 200 tons of hay, and that it was worth $1.75 per ton before being cut, and $4 per ton after being cut and stacked. Plaintiff appeals from an order refusing judgment for the value of the hay as found by the jury after being cut and stacked.

*Brown & Hawkins,* for appellant, cited *Nesbitt* v. *St. Paul Lumber Co.*, 21 Minn. 491 and *Lindsay* v. *Winona & St. P. R. Co.*, 29 Minn. 411.

*E. Southworth,* for respondent.

VANDERBURGH, J.[1] The court below ruled that, inasmuch as the defendants are admitted to have cut and carried away the hay in controversy in good faith and under a claim of title, and believing that they owned the land, plaintiff's recovery should be limited to the value of the standing grass. The jury, under the instructions of the court and in conformity with this rule, rendered a general verdict for the plaintiff, and also found specially the value of the hay after it was cured and put up.

The sole question for us to consider in this appeal is whether, under the circumstances, judgment should be entered for the amount of the general or special verdict. It is assumed that defendants' entry and occupancy, while engaged in cutting the hay, was peaceable, and under a *bona fide* claim of title to the premises, which, in a subsequent litigation between the parties, has been adjudged invalid.

In *Washburn* v. *Cutter,* 17 Minn. 335, (361,) the plaintiff was the owner, and constructively in the possession, of pine lands which were unoccupied, and upon which defendant entered, and cut and carried away pine logs and timber, under a claim of title based upon a tax deed which was in fact void. The court held that such entry and removal of the timber did not constitute a disseizin or adverse possession, and that defendant was to be regarded as a trespasser, and plaintiff entitled to follow and recover the logs in replevin. Whether, if he had waived his right to reclaim the property itself, and had sued for damages in trover or trespass, he would have been entitled to have

---

[1] Dickinson, J., because of illness, took no part in this decision.

recovered the full value of the logs, was not considered. Had that issue been involved in the case, its determination might have been influenced by the character of defendant's claim, and the nature of his title, as well as the circumstances of the alleged trespass, as bearing on the good faith of the transaction. *Grant* v. *Smith*, 26 Mich. 201; *Winchester* v. *Craig*, 33 Mich. 205, 221.

In *Nesbitt* v. *St. Paul Lumber Co.*, 21 Minn. 491, logs appeared to have been wrongfully cut and carried away from plaintiff's land without his permission, and without any color or claim of title, and this court held that plaintiff was entitled to recover in trover the full value of the logs, which had been driven into the boom and sold to the defendants, who were innocent purchasers. The defendants could not claim to be credited with the additional value which the wrong-doers had imparted to the logs by acts involving a wilful trespass upon the rights of plaintiff. Had the value of the logs been enhanced by the expenditure of further labor thereon by defendants in good faith before demand by plaintiff, as to such additional value a different question would have been presented.

The case of *Nesbitt* v. *St. Paul Lumber Co.* is approved and followed by the supreme court of the United States in *Wooden-Ware Co.* v. *United States*, 106 U. S. 432. The court, in that case, also declares that the weight of authority, both in this country and in England, is that where a trespass is the result of inadvertence or mistake, and the wrong is not intentional, the value of the property when first taken must govern; or if the conversion sued for was after value had been added to it by the work of the defendant, he should, in such case, be credited with this addition. *Winchester* v. *Craig*, 33 Mich. 205. This rule is reasonable, and is grounded in plain principles of justice, and it is clearly applicable to the case at bar. One who has peaceably entered and cut hay upon unoccupied premises, to which he honestly believes his title to be good, clearly ought not be mulcted in damages beyond the amount actually suffered by the prevailing party; and he, of course, could not be, if he were in actual adverse possession of the premises.

Order affirmed.