STATE OF MINNESOTA v. SHEVLIN-CARPENTER COMPANY.[1]

July 10, 1895.

Nos. 9518—(77).

**Sale of Timber from State Lands—When Authorized—Validity of Permit.**

G. S. 1894, §§ 4011, 4012, construed, and *held*: (a) That the sale of any pine timber on state lands is prohibited, except in special cases, where the timber is liable to waste; (b) that the state auditor, acting as commissioner of the state land office, has no authority to sell any pine timber, under any conditions, unless the governor, the treasurer, and commissioner, or a majority of them, shall first officially sign a statement, to be indorsed upon the appraisal and estimate of such pine timber as it is proposed to sell, to the effect that a sale thereof is necessary to protect the state from loss; (c) that if such commissioner does attempt to sell any pine timber, and issues a permit to the purchaser to cut and remove the same, without such official statement and sanction, such sale and permit are void.

**Same—Void Permit—Collateral Attack.**

Such void permit may be attacked collaterally, although it recites on its face facts showing that the law has been complied with.

**Replevin—Good Faith of Trespasser—Enhanced Value—Alternative Value—How Assessed.**

In an action of claim and delivery by the state to recover the possession of logs cut from state lands under such void permit, the defendant is entitled to show, if he can, that he acted in good faith, without any knowledge in fact of the invalidity of his permit, and that in reliance thereon, and in the honest and reasonable belief that he had a legal right so to do, he cut the logs; and, further, that by his labor and money expended in cutting such logs, and transporting them to a proper market, he materially increased their value. If he establishes such facts, the alternative value of the logs is to be assessed as of the time and place of the original taking,—that is, at their stumpage value,—with interest thereon from the time of the taking to the date of the verdict, and the judgment so framed as to protect the interests of both parties.

Appeal by plaintiff from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Reversed.

[1] Reported in 64 N. W. 81.

*Warner, Richardson & Lawrence* and *H. W. Childs*, for appellant.

If the permit was issued without authority, it is no defense. The evidence offered by plaintiff, and excluded, tended to show that the steps necessary for the issuance of a valid permit were not taken. The state is not bound by a permit so issued. Clark v. United States, 95 U. S. 539; Attorney General v. Smith, 31 Mich. 359; Clark v. City of Des Moines, 19 Iowa, 199, 87 Am. Dec. 423; People v. Center, 66 Cal. 551, 5 Pac. 263, and 6 Pac. 481; Delafield v. State of Illinois, 2 Hill, 159; Delafield v. State of Illinois, 26 Wend. 192; State of Illinois v. Delafield, 8 Paige, 527; State of Wisconsin v. Torinus, 24 Minn. 332; The Floyd Acceptances, 7 Wall. 666; Whiteside v. United States, 93 U. S. 247; Mitchell v. Commissioners of St. Louis Co., 24 Minn. 459; Tamm v. Lavalle, 92 Ill. 263. See, also, Parsel v. Barnes, 25 Ark. 261; Curtis v. United States, 2 Ct. of Cl. 144; State v. Bevers, 86 N. C. 588; McCaslin v. State, 99 Ind. 428; State v. Bank of State, 45 Mo. 528; Dement v. Rokker, 126 Ill. 174, 19 N. E. 33. The permit was at most an executory contract of sale. But even if the permit were as safe from attack as a patent, it can be attacked. Where a public officer has no authority to make a sale, but attempts to do so and issues a patent, the instrument may be attacked even collaterally. Polk's Lessee v. Wendal, 9 Cranch, 87; Sherman v. Buick, 93 U. S. 209. The land commissioner had no jurisdiction to dispose of the timber in question. Reynolds v. Iron Silver Min. Co., 116 U. S. 687, 6 Sup. Ct. 601; Doolan v. Carr, 125 U. S. 618, 8 Sup. Ct. 1228; Simmons v. Wagner, 101 U. S. 260. The purchaser cannot rely on the recitals to establish the validity of an instrument, where the officers who issue it have no authority to determine whether or not the condition referred to in the recitals has occurred. Dixon County v. Field, 111 U. S. 83, 4 Sup. Ct. 315; Daviess County v. Dickinson, 117 U. S. 657, 6 Sup. Ct. 897; Citizens' Bank v. City of Terrell, 78 Tex. 450, 14 S. W. 1003.

*J. B. Atwater* and *A. B. Jackson*, for respondent.

If the same rule applies to the permit as to a patent, it cannot be assailed collaterally upon any of the grounds urged. State v. Bachelder, 5 Minn. 178 (223); McKinney v. Bode, 33 Minn. 450, 23 N. W. 851; Winona & St. P. Land Co. v. Ebilcisor, 52 Minn. 312, 54 N. W. 91; Smelting Co. v. Kemp, 104 U. S. 636; Doolan v. Carr, 125

U. S. 618, 8 Sup. Ct. 1228; Sioux City Land Co. v. Griffey, 143 U. S. 32, 12 Sup. Ct. 362; Lakin v. Dolley, 53 Fed. 333; State v. Morgan, 52 Ark. 150, 12 S. W. 243; State v. Dennis, 39 Kan. 509, 18 Pac. 723. The permit was similar to a patent as regards its immunity from collateral attack. The principle applies to any formal instrument executed by the state and transferring an interest in real estate. 19 Am. & Eng. Enc. Law, 355; Minnesota L. & I. Co. v. Davis, 40 Minn. 455, 42 N. W. 299; Winona & St. P. Land Co. v. Ebilcisor, supra; McKinney v. Bode, supra; Blakeslee Mfg. Co. v. Blakeslee's Sons I. Works, 129 N. Y. 155, 29 N. E. 2. A conveyance of standing timber is a conveyance of an interest in real estate. Pine County v. Tozer, 56 Minn. 288, 57 N. W. 796; Herrick v. Newell, 49 Minn. 198, 51 N. W. 819; 13 Am. & Eng. Enc. Law, 1020; Hirth v. Graham, 50 Ohio St. 57, 33 N. E. 90. The state has the same right as a private individual, and no more, to question its conveyance collaterally. United States v. Stone, 2 Wall. 525. The state is subject to the same rules which apply to other suitors. United States v. State Bank, 96 U. S. 30. See State v. Dennis, supra; United States v. Scott, 38 Fed. 393; Com. v. Philadelphia Turnpike Co., 153 Pa. St. 47, 25 Atl. 1105; United States v. Scholl, 45 Fed. 758; United States v. White, 17 Fed. 561; United States v. Minor, 114 U. S. 233, 5 Sup. Ct. 836; People v. Morris, 77 Cal. 204, 19 Pac. 378; State v. Morgan, supra; Holland v. Ross, 19 Can. S. C. R. 566. The burden is on the government in an action to cancel a patent, and the proof must be full and conclusive. United States v. Iron Silver Min. Co., 128 U. S. 673, 9 Sup. Ct. 195; Maxwell Land Grant Case, 121 U. S. 325, 380, 7 Sup. Ct. 1015; People v. Swift, 96 Cal. 165, 31 Pac. 16. See Colorado Coal Co. v. United States, 123 U. S. 307, 8 Sup. Ct. 131; United States v. Marshall S. M. Co., 129 U. S. 579, 9 Sup. Ct. 343; United States v. King, 9 Mont. 75, 22 Pac. 498. Even if the permit has not the same legal effect as a patent, still, considering it as a contract, the state cannot dispute as against innocent purchasers the fact set out in its recitals. Citizens' S. & L. Ass'n v. Perry County, 156 U. S. 692, 15 Sup. Ct. 547; Northern Bank v. Porter Township, 110 U. S. 608, 4 Sup. Ct. 254; Cairo v. Zane, 149 U. S. 122, 13 Sup. Ct. 803; Knox County Com'rs v. Aspinwall, 21 How. 539; Grand Chute v. Winegar, 15 Wall. 355.

The evidence as to defendant's good faith in cutting the timber

was admissible for the purpose of reducing plaintiff's money recovery to the stumpage value. Where defendant is a willful trespasser, the measure of damages is the full value of the property at the time and place of demand; where he is an unintentional trespasser, the measure is its value when taken; where he is an innocent purchaser from a willful trespasser, the measure is its value at the time of purchase. King v. Merriman, 38 Minn. 47, 35 N. W. 570; Whitney v. Huntington, 37 Minn. 197, 33 N. W. 561; Nesbitt v. St. Paul Lumber Co., 21 Minn. 491; Hoxsie v. Empire Lumber Co., 41 Minn. 548, 43 N. W. 476. See, also, Viliski v. City of Minneapolis, 40 Minn. 304, 41 N. W. 1050. The same rule should be applied in replevin. The first step in avoiding the evils that would follow from an inflexible carrying out of the common law principles of replevin was in denying to a plaintiff the right to retake an article the condition of which had been materially altered by the work and labor of a defendant acting in good faith. 2 Kent, Commentaries, 363; Wetherbee v. Green, 22 Mich. 311. In assessing plaintiff's money recovery in replevin, the court will be guided, as in trespass or trover, by the principle of awarding just compensation for plaintiff's loss and no more. If the added value of the logs was given to them by defendant acting in good faith, plaintiff's money recovery can be only for the stumpage value. La Crosse & M. S. Packet Co. v. Robertson, 13 Minn. 269 (291); Wheaton v. Thompson, 20 Minn. 175 (201); Becker v. Dunham, 27 Minn. 32, 6 N. W. 406; Jellett v. St. Paul, M. & M. R. Co., 30 Minn. 265, 15 N. W. 237; Deal v. Osborne, 42 Minn. 102, 43 N. W. 835; Cobbey, Replevin, § 910; Wells, Replevin, § 617; 2 Sedgwick, Damages, § 534; 20 Am. & Eng. Enc. Law, 1128; 3 Sutherland, Damages, 1154; McLean Coal Co. v. Long, 81 Ill. 359; Whitfield v. Whitfield, 40 Miss. 352; Herdic v. Young, 55 Pa. St. 176; Craig v. Kline, 65 Pa. St. 399; Phillips v. Stroup (Pa. Sup. Ct., Mch. 1889) 17 Atl. 220; Hungerford v. Redford, 29 Wis. 345; Single v. Schneider, 24 Wis. 299; Single v. Schneider, 30 Wis. 570; Peters B. & L. Co. v. Lesh, 119 Ind. 98, 20 N. E. 291; Buckley v. Buckley, 12 Nev. 423; Pennsylvania Co. v. Philadelphia, G. & N. R. Co. (Pa. Sup. Ct., Feb. 1893) 25 Atl. 1043. The court has power to prescribe such form of judgment as will protect the rights of both parties. Gentry v. Templeton, 47 Mo. App. 55; Peck v. Bonebright, 75 Iowa, 98, 39 N. W. 213; Caldwell v. Bruggerman, 4 Minn. 190

(270); Robertson v. Davidson, 14 Minn. 422 (544); Babb v. Aldrich, 45 Kan. 218, 25 Pac. 558; Brown v. Johnson, 45 Cal. 76; Boley v. Griswold, 20 Wall. 486; Burton v. Platter, 10 U. S. App. 657, 4 C. C. A. 95, and 53 Fed. 901; Hanscom v. Burmood, 35 Neb. 504, 53 N. W. 371. A party may waive the provision for a money judgment for the value, and take simply a judgment for the return with damages for the retention. Adamson v. Sundby, 51 Minn. 460, 53 N. W. 761; Stevens v. McMillin, 37 Minn. 509, 35 N. W. 372; Thompson v. Scheid, 39 Minn. 102, 38 N. W. 801; Morrison v. Austin, 14 Wis. 601; Smith v. Coolbaugh, 19 Wis. 106. If defendant has sold, the property or placed it out of his power to return it, a judgment for the value of the property only is not erroneous. Clouston v. Gray, 48 Kan. 31, 28 Pac. 983; Fromlet v. Poor, 3 Ind. App. 425, 29 N. E. 1081; Brady v. Cook, 68 Miss. 636, 10 South. 56; Seligman v. Armando, 94 Cal. 314, 29 Pac. 710; McGraw v. Franklin, 2 Wash. St. 17, 25 Pac. 911; Johnson v. Frazer, 2 Idaho, 371, 18 Pac. 48; Goodman v. Kennedy, 10 Neb. 270, 4 N. W. 987.

START, C. J. Action of claim and delivery for the recovery of certain pine logs cut from state lands, viz. section 36, township 19, range 44, which were in the possession of the defendant, at Minneapolis, at the commencement of the action.

The complaint alleges that the plaintiff is the owner of the logs; and entitled to the immediate possession of them; that the defendant wrongfully detains them; and that they are of the value of $25,-000. The answer admits and alleges that the logs were cut by it from section 36 under and by virtue of a permit so to do, regular on its face, made, issued, and delivered to one Matthews, upon a sale to him of the pine timber on such section by the commissioner of the state land office, and duly assigned to it by Matthews, with the approval of such commissioner, who extended the time limited in the permit in which such timber might be cut and removed; that the defendant, in strict compliance with the terms of such permit, in good faith, without any notice or knowledge of any fact invalidating such permit, and relying thereon, cut and removed such logs from such section, and transported them to Minneapolis, where they were of the value of $7 per 1,000 feet, but, without the labor and expenditure of the defendant in so cutting and transporting them,

they were worth only the stumpage value thereof, or only $2 per 1,000 feet; and, further, that it has always been ready to pay, and has tendered to the plaintiff, the full contract price, as stipulated in the permit, for all of the logs so by it cut.    The reply alleges facts tending to show that the permit was and is void for the reason that the commissioner had no authority to sell such pine, and that the stumpage value of the same was $4.25 per 1,000.

Upon the trial the plaintiff offered evidence tending to establish a prima facie case, and rested.    Thereupon the defendant introduced the permit, assignment, and extension thereof.    It also offered evidence tending to establish all the allegations of its answer as to its good faith, and reliance upon the permit in cutting the timber, and, further, that it expended the sum of $15,000 in so cutting and transporting the logs; that it obtained a redelivery of the logs to itself by giving the bond required by law; and that the logs, before the commencement of the trial of the action, had been sawed into lumber, as the most practical way of preserving them, and the lumber sold, or destroyed by fire.    The court rejected this evidence, on the objection of the plaintiff, and defendant excepted. The plaintiff, in rebuttal, offered evidence tending to prove the allegations of the reply as to the invalidity of the permit, and particularly that such pine was not subject to sale, and that the sale thereof was prohibited by law, because it had never been appraised as required by law, and that the board or tribunal appointed by law for such purpose had never determined that a sale of such timber was necessary in order to protect the state from loss.    The court, upon the objection of the defendant, rejected this evidence, and instructed the jury to return a verdict for the defendant, to which ruling and instruction the plaintiff excepted, and from an order denying its motion for a new trial it prosecutes this appeal.

This record presents two questions for our decision:    (1) Do the facts which the plaintiff offered to prove render the permit absolutely void?    (2) If so, can the permit be assailed collaterally by proof of such facts in this action?

1. The first question is answered in the affirmative, for the reason that, assuming the existence of the facts offered to be proved, the commissioner had no jurisdiction to sell the pine in question, or to issue the permit.

It is not a case of error in judgment in matters which such officer had authority to determine, or of omissions or irregularities in the exercise of a power, but it is a case of absolute want of power. This conclusion is manifest upon the reading of the statute with reference to the sale of pine timber liable to be destroyed or damaged by fire, or liable to waste. Before a permit can be issued to cut timber from the lands of the state, an estimate and appraisal must be made which shall show the amount and value of the timber, its situation relative to risk from fire or damage, and its distance from the nearest lake, stream, or railroad. No such timber can be sold unless it is liable to waste. G. S. 1894, § 4012. This section was in force when Laws 1885, c. 269, § 4 (G. S. 1894, § 4011), was enacted, and the latter section repeals so much of section 4012 as authorizes the commissioner to sell any pine timber on his own responsibility. While the commissioner has power to ascertain whether or not any pine timber on the lands of the state is liable to loss or damage, and have it appraised, and a statement made as to such liability, yet he has no power to determine that it, or any pine timber, shall be sold for such cause. The statute providing when, and for what cause, and in what manner the pine timber of the state can be sold reads as follows: "Before any pine timber is sold from any of the lands of the state, the commissioner shall submit the appraisals and estimates of said timber and statements regarding liabilities to loss or damage to said timber, to the governor, treasurer and commissioner, and if a majority of them shall state that it is for the interest of the state that such timber shall be sold, and such statement shall be indorsed on the estimate of said timber, and signed by said officers officially, the commissioner may then advertise and sell the timber on said lands so authorized to be sold, in the manner provided by law; provided, that no pine timber on any state lands is to be sold, under any conditions, unless the officers herein named shall state that such sale is necessary to protect the state from loss." G. S. 1894, § 4011.

These provisions are plain and specific. There is no room for misconstruction or misunderstanding, for no layman capable of reading the English language can mistake their meaning. They declare the general purpose and policy of the state to keep its growing pine timber as an investment, and therefore the sale of any

part or portion of it, under any conditions, is absolutely prohibited, except in special cases where it is necessary to sell some particular timber to protect the state from loss by reason of the exposure of such timber to loss or damage. The determination of the question whether there shall be a sale of the timber, in any special case, is taken away from the commissioner, and vested in a quasi board, consisting of the governor, the treasurer, and commissioner, who, or a majority of them, are required to state, over their official signatures, which statement must be indorsed on the estimate of the timber liable to loss or damage, that a sale thereof is for the interest of the state. Until the officers named, or a majority of them, state, over their official signatures, that a sale of pine timber in a special case is for the interest of the state, there is no power in any officer of the state to sell any pine timber on the lands of the state. When they do so act and authorize a sale in special cases, the commissioner may then, and not before, advertise and sell the timber so authorized to be sold. If, without this sanction and authority of such officers, the auditor proceeds and attempts to sell pine timber, he is without jurisdiction in the premises, and all permits or contracts made on such pretended sales are void, not simply voidable. State of Wisconsin v. Torinus, 24 Minn. 332; Mitchell v. Commissioners of St. Louis County, 24 Minn. 459.

2. The second question must also be answered in the affirmative. This conclusion logically follows from what we have said in answering the first question.

The respondent claims that the permit in this case, as regards immunity from collateral attack, is similar to a patent. Conceding, without so deciding, that the permit is similar to a patent, still the fact remains that the commissioner was absolutely without any jurisdiction or authority to sell the timber in question. Such being the case, it may be attacked collaterally in this action, for a patent may thus be assailed when there is, as in this case, an absolute want of power in the officer to issue it   McKinney v. Bode, 33 Minn. 450, 23 N. W. 851; Sherman v. Buick, 93 U. S. 209. The commissioner in this case, as we have seen, had no jurisdiction to determine the existence of the facts upon which alone a sale of pine timber could be authorized, or power to make any such sale. After the board, having jurisdiction in the premises, acts, then the commis-

sioner, acting in a ministerial capacity alone, proceeds to advertise and sell to the highest bidder, according to law, the timber such board determines should be sold in order to protect the state from loss. This is also an answer to respondent's further claim that the state is estopped by the recitals in the permit. It is only in cases where the officer making the recitals in an instrument has authority to determine whether or not the condition precedent referred to in the recital has occurred, that the rule as to estoppel by recitals applies. Neither is the state estopped by any other unauthorized acts of the commissioner.

. 3. It follows that the evidence offered by the state upon the trial, which was ruled out, was both material and competent, and that for this error a new trial must be granted.

With reference to such trial, and to avoid a further appeal in this action, we deem it proper to state that we are of the opinion, and so decide, that the court also erred in rejecting the evidence of .the respondent as to its good faith, and reliance upon the permit, in cutting the logs in question. This evidence was competent and material upon the question of the alternative value of the logs. It is true that an owner of personal property does not lose his property, or the right to reclaim it, because another person takes it away without legal right, although he may change its form, and materially add to its value by fitting it for and transporting it to a favorable market. In such a case it logically follows that the owner is still legally entitled to follow his property, and whether he brings replevin, to recover it in specie, or trover or trespass, for its value, he has a prima facie legal right to recover the property in its changed form, or its value at the time and place of demand for its possession, which would include its enhanced value by reason of the labor and expenditures of the defendant upon it. But where the defendant is not a willful trespasser, but takes the property honestly believing, and having good reason for such belief, that he has a legal right so to do, and has increased its value by his labor and money, the injustice of requiring him to pay the owner, in addition to the original value of the property, the value of his labor and expenditures also, is so flagrant that courts have adopted a modified rule in such cases. This modification is based upon the theory that both parties have an interest in the property, or, in

other words, that the defendant has an equitable interest in the property, to the extent that he has increased its value by his labor bestowed upon it in good faith. And the courts strive to adjust the redress afforded to one party, and the penalty inflicted on the other, as near as circumstances will permit, to rules of substantial justice. Accordingly, this court has adopted and repeatedly applied the following rule in actions of trespass and trover: Where the defendant is a willful trespasser, the measure of damages is the full value of the property at the time and place of demand; but, if he is only an unintentional or mistaken trespasser,—that is, where he honestly and reasonably believed that he had a legal right to take the property,—then the measure of damages is the value of the property at the time and place and in the condition it was taken. Nesbitt v. St. Paul Lumber Co., 21 Minn. 491; Hinman v. Heyderstadt, 32 Minn. 250, 20 N. W. 155; Whitney v. Huntington, 37 Minn. 197, 33 N. W. 561; King v. Merriman, 38 Minn. 47, 35 N. W. 570; Hoxsie v. Empire Lumber Co., 41 Minn. 548, 43 N. W. 476. This rule rests upon wholesome and equitable principles. If the defendant is a willful wrongdoer, he is entitled to no consideration, and it is just, as a punishment to him and a warning to others, that the full penalty be visited upon him, although the plaintiff gains thereby; but, if he has made an honest mistake, his equitable rights in the property, to the extent to which he has increased its value, will be recognized, and the plaintiff will not be permitted to appropriate it, under the forms of law, even if the rule is not entirely logical.

It is true that in trespass and trover the owner voluntarily relinquishes the right to the property in specie, and in replevin he does not; but, in principle, the same equitable rule applies to an action of replevin, for a party ought not to be permitted, by a selection of his form of action, to defeat the ends of justice, and appropriate the labor of another, to which he has no moral or equitable right. To permit him to do so would be a confession of weakness on the part of courts, or of a defect in the laws, and a reproach to the administration of justice,—a sacrifice of substantial justice to technicalities. A change in the form of the action from trover to replevin cannot change or extinguish the relative rights of the parties in the property. The difficulty of applying the rule to an action of replevin is the only reason that can be urged for not doing so, for, on principle,

it should be applied. But the difficulty is not a serious one, for the rule in replevin which requires judgment for the return of the property or its value is not an arbitrary and inflexible one, but it must yield to circumstances. It is enough if the plaintiff obtains full compensation for his pecuniary loss, where an innocent defendant must suffer loss if he recovers the property in specie. The judgment must be so molded as to protect the rights of both parties. In practice, this is frequently done. For example, in cases where the plaintiff has only a special interest in the property, or a lien thereon, the alternative value of the property is assessed only to the extent of such interest or lien, and the plaintiff recovers the property in specie only in case this value, interest, and costs are not paid. As a general rule in replevin, where the defendant is a technical trespasser, but his conduct in the premises has been such that the court will recognize his equitable interest in the property, to the extent of its increased value by reason of his labor upon it, its alternative value must be assessed as of the time and place of the taking, with interest to date of verdict, and the judgment so framed as to secure the rights of both parties. How this shall be done will depend largely upon the facts of each particular case. Cobbey, Repl. § 910; Wells, Repl. § 617; 2 Sedg. Dam. § 534; La Crosse & M. S. Packet Co. v. Robertson, 13 Minn. 269 (291); Deal v. Osborne, 42 Minn. 102, 43 N. W. 835.

Whatever difficulties there may be in applying this rule of damages in actions of trespass and trover to an ordinary action of replevin, there are none in the case at bar, where the defendant rebonded the property, and there cannot be a return of it to the plaintiff, in any event. Such being the case, if the defendant establishes its good faith in cutting the timber, the alternative value would be the value of the stumpage, with interest thereon to the date of the verdict. If the defendant does not establish its good faith, the alternative value will be the value of the logs at the place of demand, —Minneapolis,—with interest from date of demand. Herdic v. Young, 55 Pa. St. 176; Single v. Schneider, 24 Wis. 299; Hungerford v. Redford, 29 Wis. 345.

Order reversed, and a new trial granted.