## G. MUELLER v. PETER OLSON.[1]

November 6, 1903.

Nos. 13,705—(58).

**Conversion—Evidence.**

An action in conversion will lie to recover the value of grain unlawfully cut and removed from the premises. The evidence in this case was sufficient to submit to the jury upon the following questions of fact:

(1) Did the crop in question belong to appellant, as between himself and his landlord?

(2) Did respondent know or have knowledge of facts sufficient to put him upon inquiry as to appellant's claim to such crop?

(3) As to the value of the standing grain at the time it was cut, and as to the value of the wheat after it had been converted.

It was error to direct a verdict in favor of respondent.

Action in the district court for Sibley county to recover $223.20 and interest for the conversion of certain wheat. The case was tried before Cadwell, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*J. M. Freeman,* for appellant.

*Albert L. Young,* for respondent.

LEWIS, J.

One Bethke was the owner of certain land, and plaintiff claims to have rented about thirty acres thereof for the season of 1902, and furnished the seed and seeded the same to wheat. A couple of weeks thereafter defendant purchased the land from Mr. Bethke, and when the crop matured went upon the premises and cut and removed the wheat. This action was brought to recover the value of the wheat. At the close of the evidence the court instructed the jury to return a verdict for defendant, but did not set forth the grounds upon which such motion was based, which were that plaintiff failed to make out a cause of action; that it conclusively appears that defendant purchased the land in good faith, while the crop was growing, without any notice of plaintiff's interest, and that he harvested the crop in good faith, and without any such notice.

[1] Reported in 97 N. W. 115.

We think the evidence sufficient to show that, as between Bethke and plaintiff, the premises were rented for the season of 1902, and that the crop was seeded in pursuance of such arrangement. Plaintiff seeded the ground without any knowledge of any claim of defendant to the land, present or prospective. The premises were sold by Bethke to defendant subsequent to the time appellant seeded the crop, and, if appellant has no interest therein, defendant was entitled to the same. We are also of the opinion that there was sufficient evidence to go to the jury whether or not defendant had knowledge of plaintiff's claim to the crop, or of facts which would put him upon inquiry as to the same.

The action is in form one of conversion to recover the value of the property. It was submitted upon argument that such an action would not lie, and that possibly the order of the court below was based upon such theory. Not being informed by the order appealed from as to the ground upon which the court based its ruling, we cannot say what view may have been taken upon this point. Conversion will lie under such circumstances, and there is nothing in the suggestion that appellant should proceed by an action in trespass. Such procedure has been recognized by this court in the following cases: Hinman v. Heyderstadt, 32 Minn. 250, 20 N. W. 155; Whitney v. Huntington, 37 Minn. 197, 33 N. W. 561; Ambuehl v. Matthews, 41 Minn. 537, 43 N. W. 477.

Defendant submits that he was entitled to a directed verdict for the reason that there was no evidence bearing upon the value of the standing grain, and that, in any event, damages must be limited to the value of the grain before it was cut. Upon a new trial a question may arise as to the proper measure of damages, but it is not before the court upon this appeal. Although not very specific as to the standing grain, there was evidence sufficient to go to the jury upon either theory of damages—whether defendant was liable merely for the value of the standing grain, or for the value of the wheat after it was threshed. Hinman v. Heyderstadt, supra; State v. Shevlin-Carpenter Co., 62 Minn. 99, 64 N. W. 81; Dolliff v. Robbins, 83 Minn. 498, 86 N. W. 772. The cause should have been submitted to the jury under suitable instructions as to the damages, and it was error to direct a verdict in favor of defendant.

Order reversed, and new trial granted.