# DANIEL WILLIAMS v. GEORGE W. MONKS and Others.[1]

June 25, 1909.

Nos. 16,119—(133).

**Conversion of Timber—New Trial.**

> In an action to recover damages for the wilful and intentional cutting and conversion of timber, the jury returned a verdict for plaintiff, and the trial court, upon motion duly made, granted a new trial. *Held*, that the evidence did not sustain the finding that the conversion was wilful and intentional, and the order granting a new trial is therefore affirmed.

Action in the district court for Blue Earth county to obtain restitution of certain posts, poles and timber, or $800 as the value thereof and $300 damages. The case was tried before Pfau, J., who submitted certain specific questions to the jury. The jury answered that defendants had wilfully trespassed and cut five thousand feet of logs and four hundred fence posts on plaintiff's land and assessed the value thereof at $400. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*W. H. Williams* and *W. L. Comstock,* for appellant.

*Thomas Hughes, Evan Hughes* and *S. B. Wilson,* for respondents.

ELLIOTT, J.

In this action the plaintiff sought to recover the possession of certain timber alleged to have been taken by the defendant from the plaintiff's land, and, if possession could not be had, then damages for a wilful and intentional trespass. The answer admitted the cutting and taking of the timber, of the value of $50, denied that the cutting and taking was wilful or intentional, and alleged that the defendants had no knowledge that the plaintiff was interested in the timber, and that, if the cutting and taking was a trespass, it was casual and involuntary, with cause to believe that it was taken from land which belonged to the defendants. The jury found

[1] Reported in 122 N. W. 5.

that the plaintiff was the owner of the timber in question, and that he was entitled to possession thereof, or of its value, which was fixed at $400. On motion duly made the court set this verdict aside and granted a new trial by an order which did not state that it was made because the verdict was not sustained by the evidence. The order was, therefore, not a discretionary one. The plaintiff appealed to this court, and the questions presented are whether the verdict is sustained by the evidence and whether there were any errors in the record which would justify the court in granting a new trial.

The timber was cut during January and February, 1906, from land located in Aitkin county. In the spring of 1906 the telephone poles, fence posts, and logs were transported to Brainerd, and this transportation greatly increased their value. The plaintiff sought to recover the value at Brainerd, under the rule established in State v. Shevlin-Carpenter Co., 62 Minn. 99, 64 N. W. 81. It is conceded that the value of the timber on the land at Aitkin county was much less than the amount of the verdict returned, and a careful examination of this record convinces us that the evidence was not sufficient to sustain the finding of the jury that the cutting of the timber was wilful and intentional.

The order of the trial court granting a new trial is therefore affirmed.