JAMES W. GORHAM *vs.* GEORGE SUMMERS.

May 22, 1878.

Chattel Mortgage, when Filed.—The word "filed," as applied to a chattel mortgage in Gen. St. *c.* 39, §§ 1, 2, 3, does not include the endorsing and indexing prescribed by section 2, but a chattel mortgage is filed, within the meaning of the statute relating to chattel mortgages, when it is delivered to, and received and kept by, the proper officer, for the purpose of notice mentioned in the statute.

v.25M—6

This action was brought in the district court for Hennepin county to recover possession of a steam-engine and other property. Both parties derived title under one James C. Gard- . ner, the plaintiff as assignee of a chattel mortgage made by Gardner to one Lewis Edds; the defendant, by subsequent purchase from Gardner. At the trial, before *Young, J.,* a jury being waived, the facts relating to the filing of the mortgage appeared to be as stated in the opinion. It further appeared that at the time of the purchase by defendant, the property was in Gardner's possession, who assured him there was no encumbrance on it; and the defendant, before purchasing, caused an examination to be made of the index of chattel mortgages in the office of the city clerk, which examination failed to disclose the existence of plaintiff's mortgage; and defendant bought the property, and paid full value for it, with no actual notice of the mortgage, and believing the property to be free from liens. Upon the findings of the court, judgment was entered for the plaintiff, and the defendant appealed.

*Lochren, McNair & Gilfillan,* for appellant, cited *Barney* v. *McCarty,* 15 Iowa, 510; *Sawyer* v. *Adams,* 8 Vt. 172.

*Atwater & Babcock* and *Geo. B. Young,* for respondent.

BERRY, J. In this action of claim and delivery, the plaintiff seeks to recover possession of certain personal property, as assignee of an overdue chattel mortgage. Defendant's first point upon this appeal is that there is no evidence to identify the engine claimed in the complaint with that described in the mortgage. No engine is claimed in the complaint, except that which is described in the mortgage. The answer admits that a certain engine in defendant's possession is "the same sought to be recovered in this action, and not other or different," and the defendant himself testifies that, as evidence of his title, he received "a bill of sale of the engine  *  *  described in the complaint and answer." This is a sufficient identification of the engine described in

the mortgage and claimed in the complaint, and that possessed by the defendant, as one and the same.

Defendant's second point is, that the mortgage was not filed so as to be notice to a subsequent and *bona-fide* purchaser of the mortgaged property, like himself. The finding of the court below is, that on June 5, 1874, the day of its date, the mortgage was duly assigned by the mortgagee, Lewis Edds, to the plaintiff; that the written assignment "was pasted or fastened upon the back or outside of said chattel mortgage, and the two instruments, thus fastened together, were, on the twelfth day of June, 1874, left by plaintiff with the city clerk of * * Minneapolis (in which city said property was situated), to be filed as required by law, and where the same continued to remain until the trial of this cause. Said city clerk neglected to endorse upon said mortgage the number of the same and time of reception, as required by statute, but entered in the record book kept for such purposes the following record, with the headings indicated, to wit:

| WHEN FILED. | MORTGAGOR. | MORTGAGEE | No. | DATE. | AMOUNT. | WHEN DUE. |
|---|---|---|---|---|---|---|
| 9 a. m., June 12, 1874. | Lewis Edds. | James W. Gorham. | 1041 | June 5, 1874. | $1,600 | As per notes. |

"Instead of entering the names of the mortgagor and mortgagee as appearing in said mortgage, said clerk entered and indexed the names of the assignor and assignee of the same." It is further found that on or about September 28, 1875, defendant, without any actual notice of the mortgage, purchased of the mortgagor all the property described therein for $8,000; that prior to completing his purchase he caused the records in the said city clerk's office to be examined, to ascertain if there were any chattel-mortgage liens upon the property, but that, "by reason of said irregularity in the entry of said mortgage," he failed to find any encumbrance, and made such purchase as aforesaid, paying therefor the full purchase price, and taking a bill of sale of the property.

Gen. St. c. 39, § 1, provides that "every mortgage on personal property, which is not accompanied by an immediate delivery," etc., shall be void, unless, among other things, "the mortgage, or a true copy thereof, is filed as hereinafter provided." Section 2 reads as follows: "Every such instrument shall be filed in the town or city where the property mortgaged is at the time of the execution of such mortgage.   *   * In each town, such instrument shall be filed in the office of the town clerk thereof; and in the several cities, in the office of the recorder, clerk, or other officer in whose custody the records of the city are kept; and each of the officers hereinbefore named shall file all such instruments when presented for that purpose, endorse thereon the time of reception, the number thereof, and shall enter in a suitable book to be provided by him, * * with an alphabetical index thereto, under the head of · mortgagors and mortgagees respectively, the names of each party to such instrument, and in separate columns, opposite to such names,.the number of the instrument, the date, the amount secured thereby, when due, and the date of filing the same.   Such instrument or copy shall remain on file for the inspection of all persons interested." Section 3, as amended by Laws 1870, c. 59, and by Laws 1875, c. 50, provides that "every mortgage filed in pursuance of this chapter shall be held and considered to be full notice, to all parties interested, of the existence and conditions thereof; but shall cease to be notice, as against the creditors of the mortgagor and subsequent purchasers and mortgagees in good faith, after the expiration of two years from the filing thereof:" * * * provided, that, when the debt secured by the mortgage does not become due within two years from the date of the ·mortgage, the holder of the same may, within thirty days before the expiration of the two years, "file a copy of such mortgage, together with an affidavit * * * stating the amount claimed to be unpaid upon" the mortgage, and "the filing of such copy and affidavit shall extend the effect of the. original filing" for one year.   Section 4 provides

that "a copy of any such mortgage or copy filed and endorsed as aforesaid," when duly certified, shall be received in evidence with like effect "as the original mortgage or copy filed, and endorsement." Section 8, referring to the notice of intention to foreclose provided for in section 7, enacts that "the notice, with an affidavit of service, shall be filed wherever the mortgage is filed, and when so filed, the same, or a copy thereof, shall be admitted as evidence of the giving of such notice." Section 10, which has been added to said chapter by Laws 1872, *c.* 62, (Gen. St. 1878, *c.* 39, § 13,) enacts that "whenever any mortgage filed under the provisions of this chapter" has been paid, the mortgagee shall give the mortgagor a certificate of payment, and on the delivery of such certificate to the officer with whom the "mortgage is filed, * * the said officer * * * shall file said certificate in his office, endorsing thereon the name of the county, town, (or city or village,) and the true date of filing the same, and shall keep and preserve said certificate among the records in his office, and shall write the word 'satisfied,' with the date, opposite to such mortgage, in the book in which such mortgages are entered." As by section 3, it is "every mortgage filed in pursuance of this chapter" which is made notice of the existence and conditions of such mortgage, it is important to ascertain what is meant by the word "filed." Is a mortgage filed, within the meaning of the statute, when it is delivered to, received by, and kept by the proper officer, in his office, for the purpose of notice mentioned in section 2? or does filing include all the other acts which the officer is required to perform by section 2?

As to this question, we think that the statute is its own best expositor. In the first place, it is observable that section 2 requires the officer to file, and endorse, and index. The natural inference is that the statute regards filing as one thing, endorsing as another, and indexing as still another, and that it does not employ the word "filing" as including endorsing or indexing. In the second place, it is not to be sup-

posed, unless such supposition is unavoidable, that the legislature uses the same word in two different senses in the same statute, much less that it does so in the same section or the same sentence. Now, from the liberal quotations which we have made from the statute, it is perfectly clear that the legislature has used the words "file," "filed," and "filing," as including nothing more than a delivery of an instrument to, and the receipt and keeping of the same by, the proper officer, in his office, for the purpose mentioned in the statute. Such is the case in that portion of section 3 relating to the filing of a copy and affidavit, for the purpose of keeping the mortgage alive as respects subsequent purchasers, etc. So, also, in section 8. Neither of these sections require any endorsing or indexing. So in sections 4 and 10, the distinction between filing and endorsing is clearly preserved, and it is important to observe that the words "file," "filed," and "filing" are used in the sense spoken of in the same sections and in the same sentences in which are found such expressions as "the mortgage is filed," and "mortgage filed," and "original filing." Upon these considerations, we are of opinion that the word "filed," as applied to the mortgage in sections 1 and 2, and, what is more important, in section 3, does not include the endorsing and indexing prescribed by section 2, but that a mortgage is filed, within the meaning of the statute, when it is delivered to, and received and kept by, the proper officer, in his office, for the purpose of notice mentioned in the statute.

Irrespective of our statute, we think that an inquiry for the ordinary meaning of the word "file" will lead to the same conclusion. "File" meant, at common law, "a thread, string or wire, upon which writs and other exhibits in courts and offices are fastened or filed for the more safe keeping and ready turning to the same."* Wharton's Law Lexicon.

*Dan Chaucer, well of English undefyled,
  On Fame's eternal bead-roll worthie to be fyled.

                         Spenser, Faerie Queene.
REPORTER.]

Bouvier's Law Dictionary. Within this definition, a paper might be said to be filed when strung upon the thread, string or wire. That particular mode of filing having almost entirely gone out of use, another mode of filing, the purpose of which is the same, has taken its place, so that, as Bouvier says, "A paper is said also to be filed, when it is delivered to the proper officer, and by him received to be kept on file." This, which we take to be the present ordinary sense of the word "filed," would be presumed to be the legislative sense, unless the contrary is made to appear. That the contrary does not appear is quite manifest from our previous examination of the statute. See *Green* v. *Garrington,* 16 Ohio St. 548.

If this our construction of the statute is, as we think it is, the proper construction, parties have a right to rely and act upon it. It is, therefore, not important, so far as the question of construction is concerned, that it would be better policy (as it perhaps would be,) to make endorsing and indexing essential to the notice which it is the object of the statute to secure.

As to defendant's last point, the answer admits that the plaintiff demanded of the defendant the possession "of the articles sought to be recovered in this action," and "that defendant refused, and ever since has refused, to deliver to said plaintiff the possession thereof," and has ever since held possession thereof. If, as the court has in effect found, the conditions of the plaintiff's mortgage were such as to entitle him to the possession of the property, this is a sufficient admission of a wrongful detention thereof by defendant, and he may maintain this action of claim and delivery. His right to do so is not at all affected by the clause in the mortgage authorizing him, in case of default, to enter upon the premises, and remove and sell the mortgaged property.

Judgment affirmed.