APPLETON MILL COMPANY *vs.* BENJAMIN H. WARDER and others.

November 30, 1889.

Chattel Mortgage, when Deemed Filed.— A chattel mortgage is to be deemed filed, under Gen. St. 1878, c. 39, §§ 1–3, when it is delivered to, and received and kept by, the proper officer, in his office, for the purpose of filing, notwithstanding he omits to place it with the other chattel mortgages in his office.

Same—Sale of Entire Property on Execution against Mortgagor — Remedy of Mortgagee.—When a sheriff, under an execution against the mortgagor in a chattel mortgage, assumes to sell, against the objection of the mortgagee, the entire property, and not merely the interest of

the mortgagor, the mortgagee may treat it as a conversion of his interest, even though the purchaser knew of the mortgage.

**Evidence—Joint Objection, when Improper.**—Where evidence admissible as to one defendant is offered, a joint objection by all is properly overruled.

Action for conversion of growing grain, brought in the district court for Swift county, by plaintiff as mortgagee, against defendant McKay, who as sheriff of that county had sold the property on execution against the mortgagor, and against the other defendants as the execution creditors. At the trial, before *John H. Brown*, J., the plaintiff had a verdict. The defendants appeal from an order refusing a new trial.

*S. H. Hudson* and *E. T. Young*, for appellants.

*T. F. Young* and *A. D. Countryman*, for respondent.

GILFILLAN, C. J. The plaintiff claims under a chattel mortgage. It sent the mortgage by mail to the town-clerk of the proper town to be filed. He received it from the post-office May 2d, and the same day took it to his office, where it remained during the period covered by the events out of which this action arose. But he did not place it among the files in his office till May 4, after the levy on behalf of the defendants, which was made on that day; so that, unless the mortgage is to be deemed filed from the time it reached the town-clerk's office for filing, the levy takes precedence of it. The property was growing grain, and at the time of the sale was in stacks. The indorsement on the execution of the levy was that the sheriff had levied on all the right, title, and interest of the mortgagor against whom the execution ran. There was evidence that the sheriff at the sale assumed to sell, not the interest of the mortgagor merely, but the entire property, against the objection of plaintiff. There was also evidence that at the sale plaintiff announced to the purchaser that it had a mortgage on the property. The court charged the jury that if the mortgage was sent by mail to the town-clerk for the purpose of filing, and he received and took it to his office for the purpose of filing it, it must be considered as having been filed from the time it reached his office. This charge must be read in view of the fact that there was no question but

when it reached the office it remained there. The court also charged that if the jury should find the mortgage was valid, and filed before the levy, the sheriff should not have sold anything more than the mortgagor's interest in the property, and therefore, if he sold the whole of the property without regard to any one's interest, the plaintiff ought to recover, notwithstanding the levy might have been only upon the mortgagor's interest. The defendants requested a charge that if the sale was publicly forbidden, or the purchaser had actual knowledge of plaintiff's mortgage, then he acquired and the sale conveyed the property subject to the mortgage, and the plaintiff cannot recover. The court refused so to charge. These charges and refusal present the principal questions in the case.

Two decisions of this court seem to cover all there is in these questions. The case of *Gorham* v. *Summers,* 25 Minn. 81, holds that a chattel mortgage is filed, within the meaning of the statute, when it is delivered to, and received and kept by, the proper officer in his office, for the purpose of notice mentioned in the statute. The receipt of the instrument by the town-clerk at the post-office did not constitute a filing, but, having been sent to and received by him for the purpose of filing, his leaving it in the office, where it remained, was, so far as the mortgagee was concerned, a filing, although the clerk omitted the duty which the law imposed on him, to indorse and index it, and place and keep it with the other like instruments in his office. The case of *Hossfeldt* v. *Dill,* 28 Minn. 469, (10 N. W. Rep. 781,) was, so far as the acts claimed to be a conversion were concerned, like this, except that in that case the defendant in the writ under which the levy and sale were made, had no leviable interest in the interest in the property, while in this case, the defendant in the writ, (the mortgagor,) he being in possession and entitled to continue in possession till the mortgage debt came due, had an interest that might be levied on. In that case the sale by the sheriff did not divest the title of the owner. The latter might assert it against the purchaser, and seek a remedy against him if he interfered with the possession. The court expressed the opinion that where property of a bulky character, incapable of immediate manual delivery, (in that case unthreshed wheat,) is assumed to be sold by an

officer, in pursuance of a levy thereon under due process of law, against the protest of the owner, as the property of another, to a purchaser who is left to take possession for himself, the owner is not remitted to contest the title with the purchaser, but may acquiesce in the sale, and look to the officer for a vindication of his rights. And it was held that upon such a sale the plaintiff could recover as for a conversion. Where the sheriff has wrongfully assumed to sell the property of the plaintiff, it can make no difference in principle that the latter's property, as in the case referred to, is absolute and exclusive, or, as in this case, only qualified or limited. In either case it is the exercise of dominion over the property, in exclusion or in defiance of the owner's rights. As the remedy against the officer does not proceed upon the theory that the purchaser acquires title by the wrongful sale, it is immaterial that the purchaser knew of the existence of the mortgage, or knew that plaintiff forbade the sale. So if the sheriff sold the whole interest in the property, instead of selling the interest of the defendant in his writ, the plaintiff might treat it as a conversion.

There is evidence to justify the conclusion that the sheriff made the sale just as he did, on the procurement of the other defendants, the creditors in the execution. As the mortgage was duly filed, the notice of its existence to the deputy-sheriff was immaterial, and the evidence offered to prove it could not prejudice. The sheriff on the sale gave to the purchaser a bill of sale of the property sold. This was certainly evidence against him, and, if not evidence against the other defendants, there was no objection on their separate behalf. The objection was joint. The rule as to the effect, as evidence, of the sheriff's return to the execution, has no application to this case; for the plaintiff was a stranger to the execution and return. It is unnecessary to refer particularly to the other assignments of error.

Order affirmed.