GEORGIA E. HASTAY v. FREDERICK W. BONNESS and Another.[1]

July 5, 1901.

Nos. 12,629—(162).

### Amended Pleading—Evidence.

Where pleadings are amended by consent so as to embrace facts that did not exist at the commencement of the action, the amended pleadings are to be substituted for the original issues, and all relevant and competent evidence under them is admissible on the trial.

[1] Reported in 86 N. W. 896.

**Public Land—Date of Filing Application.**

The proper application of a party entitled to enter land at the government land office, made in good faith, must be regarded as filed of the date it is delivered by the applicant for filing; and the negligence of the clerks to do their duty in noting thereon a statement that the same was filed of that date does not deprive the person making such entry of his rights in that respect.

**Homestead—Right of Possession.**

Where an application for the entry of land is legally and properly made for a homestead under the land laws of the United States, the right to possession of the land inures to the person making such entry, as against a trespasser.

**Cutting Logs—Measure of Damages.**

Where a trespasser cuts and removes logs from land, and transfers the same to a third party, who is unable to show that the property was acquired in good faith, the proper measure of damages is the value of such logs at the time of the conversion.

Action in the district court for Hennepin county to recover $3,569.20 damages for the conversion of logs. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiff for $2,840.13. From an order denying a motion for judgment in their favor notwithstanding the verdict, or for a new trial, defendants appealed. Affirmed.

*A. Y. Merrill* and *R. J. Powell,* for appellants.

*A. H. Hall, C. J. Cahaley* and *Thomas Canty,* for respondent.

LOVELY, J.

Upon the claim that Segure & Bailey, a firm of lumbermen, wrongfully cut timber from an eighty-acre tract of land and sold the same to defendants, demand was made upon the latter for the logs, which was refused. Action was brought to recover the value of the property converted. The case was tried to a jury. Plaintiff had a verdict. Upon a settled case, motion for a new trial or judgment in the alternative was made and denied, from which order this appeal is taken.

Plaintiff sought to establish her right of possession to the land by proceedings to acquire title to the same under an assignment of a soldier's right to an additional homestead entry, in pursuance

of Rev. St. (U. S.) § 2306, as supplemented by 28 Stat. c. 301, p. 397, upon her application therefor at the land office at St. Cloud, which, under her claim, was made on November 26, 1898. Whether such application was made of that date or later is an essential fact, determinative of her right to recover in this case, as the fact that plaintiff did file an application under the acts of congress referred to is not disputed. Neither is it questioned that the government recognized her rights under such application (the date being disputed), and issued a patent to her on February 20, 1900. The timber was taken from the land by Segure & Bailey between November 26, 1898, and June 14, 1899. Neither Segure & Bailey nor defendants claimed adverse title to the land, but relied upon the failure of plaintiff to establish her right to the same between the dates last indicated, upon the ground that her application to file upon it was not in fact made until the later date (June 14, 1899), after the alleged trespasses had been committed.

The claim of plaintiff, briefly stated, is that one Milton P. Noel, a discharged soldier, having the qualifications necessary to entitle him to enter the land in question, had executed a relinquishment to the United States of his rights for an additional homestead of eighty acres to which he was entitled under the acts of congress referred to; that he had assigned that right to plaintiff on November 26, 1898, on which day plaintiff made a legal and proper application at the St. Cloud land office to enter the land; that the officers at the land office received such application on that day, accepted the fees required by law, but neglected to date the application or indorse a proper filing thereon, mislaid the same, with accompanying papers necessary in such cases, without the knowledge of plaintiff, and did not act upon it until June 14 of the following year, when that date was filed upon the application, and proceedings regularly instituted and carried forward in the land department which culminated in the issuance of the patent. So that the primary question upon which plaintiff's rights in this case rest depends upon the fact whether her application was in fact made at the land office on November 26, 1898, or June 14, 1899.

It seems apparent from the record that this action was really

commenced before the patent issued, but the trial proceeded upon an amended complaint, which sets forth in detail sufficient facts to show that the discharged soldier, Noel, lawfully assigned his additional soldier's homestead right to plaintiff for eighty acres, to which he was entitled, on November 26, 1898; that he could make an entry of eighty acres of government land under the homestead act, and assign the same to plaintiff, under 28 Stat. 397; that an application was made out in compliance with the requirement of the land office by one of the clerks, with a blank date; that such application was signed by the plaintiff, who presented the same at the land office for filing on November 26, 1898, but, owing to the failure of the proper officers to note a filing thereon of that date, or to act upon the same until June 14, 1899, the proceedings to acquire the homestead did not commence until then. It is also alleged in the complaint that

"On February 20, 1900, the United States of America duly issued and delivered to plaintiff its patent for the land hereinbefore described."

To this amended complaint defendants interposed an amended answer, and it appears that the trial proceeded upon such amended pleadings without question, save that an objection was made to the patent when offered because it was issued after the action was commenced. It is only necessary to say in passing that the amended complaint and answer were substituted for the previous pleadings. Hanscom v. Herrick, 21 Minn. 9. It follows that all questions as to relevancy or competency of evidence were controlled at the trial by the issues as finally adopted by the parties.

At the trial documentary evidence was offered by plaintiff to show the right of the soldier, Noel, to make an additional homestead entry, as well as of his relinquishment, when the defendant interposed an objection to the complaint on the grounds of its sufficiency to state a cause of action. It is now urged that the allegation in the complaint that a patent was issued is defective, for the reason that it does not set forth specifically that such patent was by virtue of the previous application of plaintiff, and

her rights acquired from Noel. This is an exceedingly technical objection. The specific ground upon which it was made was not pointed out, and while it may be true that it would not necessarily follow that, because an application under one claim was made, a patent was not issuable under another, yet we think that the inference sufficiently follows, in view of the manner in which this objection was raised, that the previous allegations in the complaint setting forth fully the nature and character of plaintiff's claim indicated that the patent was issued thereon. This view authorizes us to consider the effect of the complaint as a whole, and, in our view, the patent did not give the plaintiff her cause of action, but, rather, the application of plaintiff at the land office before such patent had ripened into a complete title through the recognition by the government by issuing the patent. While the plaintiff did not acquire full title to the land through her application, yet, if the same was valid and authorized by law, it entitled her to an inchoate interest therein, with the right of possession as against trespassers. Red River & L. W. R. Co. v. Sture, 32 Minn. 95, 20 N. W. 229. By virtue of the acts of congress under which plaintiff's rights were acquired, she was entitled, as against wrongdoers, to the possession of the land, and the issuance of the patent recognized such rights. When it was issued it related back to the date of the application. Red River & L. W. R. Co. v. Sture, supra; Webster v. Luther, 50 Minn. 77, 52 N. W. 271. Hence the patent was properly received to show that no one else but plaintiff had any interest in the land, while her real right to use and enjoy the same depended on the application and the date when it was legally filed.

Evidence was received for plaintiff tending to show that a proper application in form, but without date, accompanied by an assignment of the soldier's additional right, with proof of his qualifications thereto, was delivered by the husband of plaintiff, as her agent, to the land officers for filing, with the proper fees required by law, on November 26, 1898. The trial court held that such delivery for filing by the plaintiff was a compliance with the requirements of law on her part, that a failure of the clerks at the land office to make the proper entry of filing thereon, or to

proceed, as they should have done, to recognize or forward her claim, did not deprive her of her rights thereunder, which inured to her benefit of the date of actual filing. We approve of this ruling. "A paper is said also to be filed when it is delivered to the proper officer, and by him received to be kept on file." Bouvier, Law Dict. tit. "File"; Gorham v. Summers, 25 Minn. 81; Smith v. Headley, 33 Minn. 384, 23 N. W. 550; Appleton Mill Co. v. Warder, 42 Minn. 117, 43 N. W. 791. The court properly submitted the issue to the jury whether the application of plaintiff was made on November 26, 1898, or June 14, 1899. The verdict was supported by evidence in this respect, and determined that question in favor of the plaintiff.

The measure of damages in cases where timber is removed from land by trespassers has been settled by this court. It has been held that where logs are cut on land in good faith by the trespasser, who reasonably believed that his act was lawful, or when he had not been culpable, negligent, or careless of the rights of others, the owner could recover only for the value of the standing timber; also that the burden of showing such lawful purpose and good faith devolves upon the person who committed the injury. Mississippi River L. Co. v. Page, 68 Minn. 269, 71 N. W. 4. We have carefully reviewed the testimony, and are unable to find any basis for the claim that Segure & Bailey or defendants had any ground or claim of right to appropriate timber from the premises in question. The evidence to show that they were trespassers is clear. The measure of damages in this case was justly held by the court to be the value of the property at the time of its conversion. State v. Shevlin-Carpenter Co., 62 Minn. 99, 64 N. W. 81.

It is urged that the award of damages by the jury was excessive. Plaintiff had a verdict of $2,840.13, which was less than the lowest estimate made by plaintiff's witnesses in her behalf, who had established their competency to testify on that question. We are unable to discover from the record any indications that the verdict was the result of passion or prejudice, or based upon an improper estimate of values.

We have carefully considered the assignments of error which

have not been particularly referred to in this review, and do not find them of sufficient merit to require specific consideration, or novelty to justify discussion.

Order affirmed.