## SCHOUWEILER *et al.* V. McCAULL *et al.*

1. Under the provisions of Code Civ. Proc. § 308, relative to exceptions and motions for new trial, a bill of exceptions, either on appeal from an order entered on a motion for new trial or on appeal from a judgment, should specify the alleged errors relied on for reversal.

2. Under Code Civ. Proc. § 731, providing that persons furnishing grain to be sown or planted upon land shall have a lien on the crops produced from the seed furnished by them, and section 733, requiring such persons to file in the office of the register of deeds a written account stating the quantity of seed furnished and a description of the land upon which the same is to be sown, the description filed may include one or more tracts of land within the same county, and the account need not specify the number of bushels to be sown on each tract.

3. To prove the execution of a chattel mortgage where one of the subscribing witnesses is absent from the county, it is only necessary to call the other witness, and in case his recollection is at fault, the mortgagor may be called and the facts of the execution of the mortgage be proved by him.

4. Code Civ. Proc. § 734, provides that the register of deeds shall file and enter seed-lien statements in the manner required by law for the filing and entry of chattel mortgages. Section 740 has the same provision rel-

ative to threshers' liens.  Civ. Code, § 4386, requires chattel mortgages to be filed and indexed with numbers in regular order, and entered in a book kept for that purpose.  Held, that the lienor's duty is performed when he files a seed or thresher's lien with the register of deeds, and, whether the register should index the lien in the chattel mortgage book or whether he should keep it in a separate index book, the lienor is not responsible, nor is his lien impaired, if the register pursues the wrong course.

(Opinion filed April 5, 1904.)

Appeal from circuit court, Brookings county; Hon. JULIAN BENNETT, Judge.

Action by N. A. Schouweiler and M. E. Schouweiler, copartners as Schouweiler Bros., against J. L. McCaull and D. Webster, copartners as McCaull, Webster & Co.  From a judgment for plaintiffs, defendants appeal.  Affirmed.

*L. W. Crofoot,* for appellants.

*Alexander & Hooker,* for respondents.

CORSON, P. J.  This is an action brought to recover the value of certain wheat alleged to have been converted by the defendants, and in which the plaintiffs claimed to have a special property by virtue of a chattel mortgage, seed-wheat lien, and thresher's lien.  Verdict and judgment were in favor of the plaintiffs, and the defendants have appealed.

Upon the argument the respondents insisted that, as the bill of exceptions proposed by the appellants and allowed and certified by the judge who presided at the trial of the action fails to specify or designate any alleged errors upon which appellants would rely, the bill of exceptions should be disregarded, and, as no error appears on the judgment roll, the judgment of the court below should be affirmed.  The fact that there were no specifications of errors relied on was brought to

the attention of the court by an additional abstract on the part of the respondents, which has not been controverted on the part of the appellants. This court has held in a number of cases that, where there is a motion for a new trial in the court below, the bill of exceptions to be used on such motion must contain a specification of the errors of law relied on, and a specification of the particulars in which the evidence is insufficient to sustain the verdict if defendants seek a review of the evidence, and, unless the bill of exceptions contains such specifications, it will be disregarded. See Johnston Land & Mortgage Co. v. Case, 13 S. D. 28, 82 N. W. 90, and cases therein cited. The question now presented, however, has not yet been decided by this court, but it would seem that the rule applicable to bills of exceptions on a motion for new trial should be applied to bills of exceptions on appeals from the judgment. In Chandler v. Kennedy, 8 S. D. 57, 65 N. W. 439, the court says: ''During the progress of a trial it generally occurs that exceptions are taken, which, upon more mature reflection, the exceptor himself does not regard as tenable, and upon which he would not rely on a review of the case. In his proposed bill of exceptions or statement he puts in only so much of the evidence or other matters as is necessary to explain the exceptions upon which he intends to rely. Unless he therein specify the particular errors which he intends to urge and rely upon, and the particulars in which he claims the evidence is insufficient, the adverse party is unable intelligently to prepare amendments. He is entitled to be advised of what particular points will be urged as error, so that he may judge for himself whether the proposed bill or statement does present so much of the evidence as is necessary to explain the exceptions to be re-

lied upon, or to sustain the verdict or decision of the court. The trial judge is also an interested party. He is to settle the bill or statement upon which his rulings will be sustained or reversed. He, too, is entitled to the information which the specifications only can give him, so that he may see that the bill or statement which he settles presents all and just the evidence or matters upon which he ruled, and which influenced his decision. His interest and rights in this respect are different from and independent of the parties litigant, and cannot be foreclosed by any action or agreement of theirs. The statute puts a further duty upon him, in the interest not only of the parties, but of the reviewing court. It requires him to strike out from the bill or statement 'all redundant and useless matter, so that the exceptions may be presented as briefly as possible.' " It is true that in that case there was a motion for a new trial in the court below, but the reasons for requiring a bill of exceptions used on a motion for a new trial to contain a specification of the errors of law relied on would be equally applicable to a bill of exceptions on appeal to this court where no motion for a new trial had been made in the court below. There are additional reasons why the bill of exceptions on a motion for a new trial should contain a specification of the errors relied on and a specification of the particulars in which the evidence is alleged to be insufficient, namely, that the trial court may be fully advised of the questions presented on the motion for a new trial, and that this court on appeal may be advised of the grounds argued before the trial court for a new trial. Section 308, Code Civ. Proc. The important reasons, however, for the specification of the errors in the bill of exceptions on appeal from the judgment are that the opposing counsel may be able

to present such amendments to the bill of exceptions, and only such, as he may deem necessary to fully present the respondents' case in support of the rulings of the trial court, and that the judge or court may perform the duty of eliminating from the bill of exceptions "all redundant and useless matter" not necessary for a determination of the questions presented by the specification of errors.     Section 296, Id.    It is quite clear from an examination of the provisions of the Code relating to exceptions and motions for new trials that it was the intention of the lawmaking power to require a specification of the errors relied on to be annexed to or made a part of the bill of exceptions in all cases.    The reasons for requiring such a specification in the bill of exceptions on an appeal from the judgment are quite as cogent as those requiring a specification of errors in the bill of exceptions to be used on a motion for a new trial, and we are clearly of the opinion that without regard to the use to be made of it either on motion for a new trial or on an appeal from the judgment, the same rule should apply.

These views lead to the conclusion that the bill of exceptions in this record should be disregarded, but in view of the fact that the bill of exceptions in this case was settled some time ago, and in view of the importance of the questions presented, we have concluded to review the same upon its merits. The appellants contend that the judgment below should be reversed, and a new trial granted, upon three grounds:    (1) That there is described in the account for the seed lien two separate and distinct pieces of property, and that the amount of the seed furnished for each piece of property is not stated.    (2) That the proof of the execution of the chattel mortgage was insufficient, and that the court therefore erred in admitting the

same in evidence.   (3) That the filing and entry of the seed and threshers' liens were insufficient, in that they were not indexed in the proper books and in the manner prescribed by law. There was evidence tending to prove that the plaintiffs' furnished to one J. W. Miller, who had leased certain tracts of land in Brookings county, 450 bushels of seed wheat, and that said wheat was furnished to be sown upon two tracts of land not contiguous, and that in filing their liens therefor the plaintiffs described two tracts without specifying the number of bushels furnished to each tract.   The appellants contend that under the statute it is necessary for the party claiming the seed lien to specify in the account filed the number of bushels to be sown upon each tract in order that the party purchasing the grain may be able to determine the exact amount of the lien that attaches to each tract.   Sections 731 and 733 of the Code of Civil Procedure read as follows:  "Any person, co-partnership, association or corporation who shall furnish to any person wheat, oats, barley, rye, corn, flax or potatoes, to be sown or planted upon any lands owned, used, occupied or rented by such person, shall have a lien only upon the crop produced from the kind of seed furnished by such person upon the lands aforesaid, upon filing the notice hereinafter specified to secure payment for the seed so furnished."  "Any person  *  *  * entitled to a lien under this article shall make an account in writing, stating the quantity of seed furnished, in bushels, by kind, and the value thereof, the name of the person to whom furnished, and a description of the land upon which the same has been, or is to be planted or sown,  *  *  * shall file the same in the office of the register of deeds of the county where the person to whom such seed is furnished re-

sides. * * * " It will be noticed that by section 731 it is provided that any person who shall furnish wheat or other grain to be sown or planted upon any land owned, used, or occupied or rented shall have a lien only upon the crop produced from the kind of seed furnished by said person upon the land aforesaid, and that by section 733 such person shall make an account in writing, stating the kind of seed furnished, the person to whom furnished, and a description of the land upon which the same has been or is to be sown. It would be, it seems, sufficient, therefore, to set forth the amount of seed furnished, and a description of the land upon which the same is to be sown, and that description may include one or more tracts of land within the same county. Where seed is furnished to a party renting or occupying different tracts of land, it might be difficult to determine in advance the precise amount of seed that was to be used upon any one tract, and it would be imposing an unnecessary burden upon the party furnishing the seed to require him to specify the precise number of bushels furnished for and sown upon any one tract where the seed furnished is used upon different tracts; and this was the view taken by this court in First National Bank v. Peavy Ele. Co., 10 S. D. 167, 72 N. W. 402, in which it said: "The object of filing the account is the same as that intended by the filing of a chattel mortgage upon growing grain. A description of the land which would be sufficient in such a mortgage meets the requirements of and secures the object intended by this statute." The court then proceeds to give a description of the land, including two distinct tracts situated in McCook county. Ruled by this decision, the description in the seed lien was sufficient, and the court committed no error in admitting it in evidence.

It is further contended by the appellants that the proof as to the execution of the chattel mortgage was insufficient to entitle it to be admitted in evidence as against the defendants for the reason that only one subscribing witness was examined, and he was unable to state positively that the chattel mortgage was executed in the presence of two witnesses whose names appear upon the same as such subscribing witnesses. In this case one of the subscribing witnesses—J. G. Miles—was called, and testified that he thought that the mortgage was signed by the makers in his presence, and that the fact that his signature appeared upon the instrument as a subscribing witness led him to believe that the same had been signed by the makers at the time he signed as a witness, although he had no distinct recollection of the transaction. Thereafter N. A. Schouweiler, one of the plaintiffs, was called as a witness for the respondent, and without objection testified that the other attesting witness, J. B. Wolgemuth, resided without the county of Brookings, and that both witnesses were present when the mortgage was signed by the maker, but that he did not have a distinct recollection whether both of the makers were still present when Miles and Wolgemuth signed as attesting witnesses. It is insisted by the respondents that the calling of one attesting witness was sufficient compliance with the rule requiring proof of the execution of an instrument, and that, after such attesting witness has been called and tendered to the appellants for cross-examination, the respondents were at liberty to produce any competent testimony which they might have for the purpose of proving the execution of the mortgage. We are of the opinion that the position taken by the respondents is correct, and that, in the absence of a subscribing witness from the county, it was

only necessary to call the one witness within the jurisdiction of the court, and that, upon his recollection being somewhat at fault in regard to the execution of the mortgage, it was competent to call one of the plaintiffs, and prove by him the facts as to such execution. Such evidence would make out a prima facie case, and, in the absence of contradictory evidence, would constitute sufficient proof that the chattel mortgage was executed by the makers in the presence of two witnesses whose names are subscribed as attesting witnesses thereto. Jackson v. La Grange, 19 Johns. 386, 10 Am. Dec. 237; Dan v. Brown, 4 Cow. 483, 15 Am. Dec. 395. In our opinion, therefore, the trial court committed no error in admitting the chattel mortgage in evidence.

It is further contended that the court erred in admitting the seed wheat and threshers' liens in evidence for the reason that they were not indexed in the office of the register of deeds in the manner prescribed by law, in this: that the said register did not enter on the same a number in regular order of liens of like nature, and they were not indexed in any book kept for that purpose, and that, unless the liens were properly indexed they were inadmissible in evidence as against the defendants. It appears by the evidence of the register of deeds that the said liens were indexed in the chattel mortgage index book, and not in separate books. Section 734 of the Code of Civil Procedure provides: "It shall be the duty of the register of deeds to file and enter said statements in the manner required by law for the filing and entry of chattel mortgages, * * * and the filing of said statements in conformity to this article operates as a notice to all subsequent purchasers and incumbrancers of said property." And section 740 relating to

threshers' liens, reads as follows:   ''It shall be the duty of the register of deeds to file and enter said statements in the manner required by law for the filing and  entry of chattel mort-gages.   *   *   *''   Whether or not it was proper to index these liens in the chattel mortgage index book it is  not  now  necessary to decide, as the lienors performed their duty  when  they filed the liens in the office of the register of deeds, and if there was any mistake in indexing them it was  the  mistake  of . an officer, for which the lienors are not responsible.   The mis·take of an officer in filing or recording an instrument properly delivered to him for filing or recording in  his  office  does  not affect the rights of the party depositing such  instrument.    It may be the duty of the officer, under the statute, to keep  separate and distinct index books for each class of  liens,  but,  as before stated, the failure of the officer to do so will not  prejudice the rights of the party who is without fault, and who  relies upon the officer to perform his duty.   Parrish v.  Mahany, 10 S. D. 276, 73 N. W. 97, 66 Am.  St.  Rep.  715;  Gorham  v. Summers, 25 Minn. 81; Jordan v. Hamilton Co. Bank, 9 N.  W. 654, 11 Neb. 499; Marlet v. Hinman, 77 Wis. 136, 45 N. W   953. 20 Am. St. Rep. 102; Appleton Milling Co. v. Warder, 42 Minn. 117, 43 N. W. 791; Smith v. Waggoner, 50 Wis.  155,  6  N.  W. 568; 2 Cobbey on Chattel Mortgages,  §  564.   Section 4386 of the Civil Code requires that chattel mortgages be filed . and  in-dexed with numbers in regular order, and  entered  in  a  book kept for that purpose.   But as before stated,  the  mistake  of the register of deeds does not affect the rights of the plaintiffs; and the court was therefore correct in holding  that  the  liens were valid against the defendants.

We have not.overlooked the other errors assigned,  but  we

do not regard them as having sufficient merit to entitle them to a discussion in this opinion.

Finding no error in the record, the judgment of the circuit court is affirmed.