## WILSON v. COMMERCIAL UNION ASSURANCE CO.

A Bill of exceptions, consisting merely of a transcript of the official stenographer's notes, to which were attached papers and the certificate of the trial judge, and containing no specifications of errors, will not be regarded on appeal.

(Opinion filed, January 17, 1906.)

Appeal from Circuit Court, McPherson County. Hon. LORING E. GAFFY, Judge.

Action by John F. Wilson against the Commercial Union Assurance Company, Limited, of London, England. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Herreid & Williamson* and *F. V. Brown,* for appellant. *Albert Gunderson, C. H. Barron,* and *L. T. Boucher,* for respondent.

HANEY, J. This is an action on a Standard Fire Insurance policy. The appeal is from the judgment alone. The so-called bill of exceptions (merely a transcript of the official stenographer's notes, to which are attached numerous papers and a certificate of the trial judge) contains no specifications of the errors relied upon,

and must therefore be disregarded. Schouweiler v. McCaull, 18 S. D. 70, 99 N. W. 95. The verdict and judgment being within the pleadings, and no exceptions properly presented, there is nothing upon which a reversal could be predicated, and no useful purpose would be served in discussing the purely technical objections urged in argument of counsel. Upon all the evidence there was but one meritorious issue of fact, namely, the value of the destroyed property, which was submitted to a jury under proper instructions. There was ample evidence to sustain the verdict.

No injustice can therefore result from enforcing the requirements of the statute regarding the manner of settling exceptions, and the judgment appealed from is affirmed.