## WESTPHAL v. NELSON.

In the absence of an additional abstract, reference to the original record cannot be made in the Supreme Court; the right of the parties depending on the contents of appellant's abstract.

Under the rule that every reasonable presumption will be indulged to sustain the trial court, it must be assumed, in the absence

of any statement of the grounds designated in the notice of intention, that the denial of a new trial was proper.

An appeal lies from a judgment alone, without a motion for new trial.

On an appeal from the judgment alone, in the absence of a bill of exceptions, the only question is whether the judgment is supported by the pleadings and verdict, or the court's findings of fact, but, where a bill of exceptions has been settled, all errors appearing on the face of the record, which embraces the bill, may be reviewed, provided the errors relied upon for reversal are specified.

A specification of error that the court permitted evidence by the adverse party as to what another said as to the line surveyed between himself and such party, and refused to permit appellant's witnesses to testify to anything that such person said on the subject, is not sufficiently specific to present any question for review.

A specification of error that other errors which prevented appellant from having a fair trial are included by the various exceptions to the rulings of the court, which appellant preserved in the foregoing bill of exceptions, is not sufficiently specific to present any question for review.

A specification of error that the court erred in permitting respondent's attorney to bulldoze and confuse a witness in the manner in which the record shows he did, which the record shows was done to affect the standing of the witness with the jury, is not sufficiently specific to present any question for review.

A motion to strike out all evidence on a point is properly overruled if thereby any admissible evidence would be excluded.

An answer may contain inconsistent defences.

Where plaintiff alleged that a boundary line was four rods west of defendant's fence and defendant that the fence was on the line, and plaintiff sought to sustain his contention by proof of a known corner where he claimed the line to be, and defendant to defeat such contention and sustain his own by proof that the corner was lost and that the line was where he claimed it to be under the rules relating to lost corners, a motion to strike out "all the testimony of defendant's witnesses in regard to the relocation of a lost corner" was properly overruled.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, McCook County.   Hon. JOSEPH W. JONES, Judge.

Action by Carl W. Westphal against Peter Nelson.   From a judgment for defendant and an order denying a new trial, plaintiff appeals.   Affirmed.

M. A. Butterfield, for appellant.   Keith, Danforth & Keith and E. H. Wilson, for respondent.

HANEY, J. This is an action, in the nature of ejectment, to recover possession of "a strip of * * * land * * * four rods, more or less, wide along the entire west side" of the S. E. ¼ of section 7 in township 101, range 53, McCook county, and damages for the use of the same. It involves the location of the boundary line between the S. E. ¼ and S. W.¼ of the section named. A verdict having been returned in favor of the defendant on all the issues, judgment for costs entered thereon, and plaintiff's motion for a new trial denied, he appealed from the judgment and from the order denying his application for a new trial.

It is contended by respondent that, whereas the application for a new trial was based on a bill of exceptions containing no specifications of the particular errors relied upon, and the notice of intention did not designate any of the statutory grounds upon which the motion for a new trial would be made, the application was properly overruled, and that the only question reviewable in this court is whether the judgment is supported by the pleadings and verdict. In the absence of an additional abstract, reference to the original record cannot be made in this court; the rights of the parties depending on the contents of appellant's abstract. It is silent as to the grounds, if any, designated in the notice of intention, and as to whether the motion for a new trial was made upon affidavits, the minutes of the court, a bill of exceptions, or a statement of the case. Rev. Code Civ. Proc. 303. It is an elementary rule of appellate procedure that every reasonable presumption will be indulged to sustain the action of a trial court. It must therefore be assumed, in the absence of any statement of the grounds designated in the notice of intention, that the motion for a new trial was properly overruled, or disregarded by the circuit court, and it must be disregarded in this court. Nevertheless, as an appeal may be taken from a judgment, even though no motion for a new trial has been made in the lower court, it becomes necessary to consider such questions as are properly presented by the appeal from the judgment. First National Bank v. Comfort, 4 Dak. 167, 28 N. W. 855; Le Claire v. Wells, 7 S. D. 426, 64 N. W. 519; Jones Lumber Co. v. Faris, 5 S. D.

348, 58 N. W. 813; Id., 6 S. D. 112, 60 N. W. 403, 55 Am. St.
Rep. 814; Carroll v. Nisbit, 9 S. D. 497, 70 N. W. 634; Dunn v.
National Bank, 11 S. D. 305, 77 N. W. 111; Dring v. S. Law-
rence Tp., 122 N. W. 664; Grasinger v. Lucas, 123 N .W. 77;
Albien v. Smith, 123 N. W. 675. On an appeal from the judg-
ment alone, in the absence of a bill of exceptions, the only ques-
tion is whether the judgment is supported by the pleadings and
verdict, or the court's findings of fact. In other words, whether
any error appears upon the face of the record. Where, however,
the appeal is from the judgment alone and a bill of exceptions has
been settled, all errors appearing on the face of the record, which
embraces the bill of exceptions, may be reviewed, provided the
particular errors relied on for reversal are specified in the bill.
Schouweiler v. McCaull, 18 S. D. 70, 99 N. W. 95. In the case
at bar a bill of exceptions was settled containing the following
specifications of error: "(1) The defendant insists that he was
prevented from having a fair trial by the court permitting evi-
dence to be introduced by the defendant as to what George W.
Cole said in regard to the line surveyed by Mr. Lang between
himself and Mr. Nelson, and refusing to permit any of the plain-
tiff's witnesses to testify to anything which Mr. Cole said on the
same subject. (2) The court also erred in refusing plaintiff's
motion to strike out the evidence of the defendant's witnesses in
regard to the relocation of the lost corner at the close of all the
evidence. (3) Other errors of the court which prevented the
plaintiff from having a fair trial are included by the various ex-
ceptions to the ruling of the court, which the plaintiff preserved
in the foregoing bill of exceptions. (4) The court also erred in
permitting the defendant's attorney to bulldoze and confuse the
witness Conn Gillespie in the manner in which the record shows
he did do, which the records clearly show was done by the de-
fendant counsel for the purpose of affecting the standing of the
the witness with the jury, and in attempting to belittle and ridicule
the witness Conn Gillespie. All of which is respectfully sub-
mitted." Manifestly none of these except perhaps the second is
sufficiently specific. During the trial of a cause many rulings
may be excepted to which an appellant would not rely on for

reversal. The law therefore wisely requires that he shall, at the close of his bill or statement, distinctly point out or specify each particular ruling he desires to have reviewed. Only such as are thus pointed out will be considered by this court. This being so, the only question possibly presented by the abstract in this case is whether it was reversible error for the trial court to deny appellant's motion "to strike out all the evidence of defendant's witnesses in regard to the relocation of a lost corner, for the reason it is not within the issues and not pleaded, the same being a separate and special defense." If the granting of this motion would have excluded any evidence admissible for any purpose, it was properly overruled.

It is alleged in the complaint that plaintiff is the owner of the S. E. ¼ of section 7; "that said land was formerly a part of the public domain of the United States, and that heretofore, and about the year 1873, the United States government caused the same to be surveyed, and the government surveyors who made the survey thereof made a mound, two pits, and placed a government quarter section stake therein at the southwest corner of said southeast quarter section of said section 7 in said township, which said government corner is the southwest corner of plaintiff's said land; that on or about July, 1898, the defendant, without right or title by force, and against plaintiff's will, entered into possession of a strip of plaintiff's said land on the west side of said quarter section, four rods more or less wide, along the entire west side of said quarter section, and then and there, by force, ousted and ejected plaintiff from the same, and ever since then has continuted to forcibly and unlawfully withhold the possession and use of said strip from plaintiff, and by force erected a barb-wire fence on the east side of said land through plaintiff's field to forcibly keep plaintiff out of possession of said strip of land, whereby plaintiff has been damaged in the sum of $500." The answer on which the cause was tried contains five separate defenses, the first of which denies each and every allegation of the complaint. In the second it is alleged that defendant owned the S. W. ¼ of section 7, that the fence mentioned in the complaint stands on the line between the plaintiff's and defendant's land, and that the plaintiff

consented to its construction. In the third it is alleged that the fence stands on a line agreed to as the boundary between the defendant and the plaintiff's grantor. In the fourth it is alleged that the fence is "on the quarter section line, according to the original government mounds, commencing on the north line of the township on section six (6), running thence south to section seven (7), and through section seven (7) to section eighteen (18), and is in accordance with the quarter section mounds as located on the town line on the north side of section six (6), and also the quarter mound between six and seven (6 and 7), and the quarter mound between seven and eighteen (7 and 18) as the same have been duly and legally established." In the fifth an estoppel is pleaded. As stated in his complaint, plaintiff's cause of action rests on the allegation that the boundary line is at a certain place, because there is at that place a known government corner. This was denied by the defendant. The burden was on the plaintiff to show the existence of a known government corner, and that defendant's fence was east of such corner. If there was no known corner, construing the pleadings strictly, plaintiff could not recover. Clearly, then, testimony tending to prove that there was no known corner was relevant and proper. It is true that one division of defendant's answer, strictly construed, may allege the existence of a known corner at a point east of that claimed by the plaintiff to be where the government corner was located,. but that does not affect the issue raised by the general denial, as, in this state, an answer may contain inconsistent defenses. Lawrence v. Peck, 3 S. D. 645, 54 N. W. 808. However, pleadings are to be "liberally construed with a view of substantial justice between the parties." Rev. Code Civ. Proc. § 136. So construed, the real issue, aside from matters of consent and estoppel, was the location of the boundary line in dispute. Plaintiff alleged it was four rods west of defendant's fence. Defendant alleged the fence was on the line. Plaintiff sought to sustain his contention by proof of a known corner where he claimed the line to be. Defendant sought to defeat such contention and sustain his own by proof that the corner was lost and that the line was where he claimed it to be under the rules relating to

lost corners. Clearly "all the testimony of defendant's witnesses in regard to the relocation of a lost corner" should not have been stricken out.

The judgment of the circuit court is affirmed.