# KNUDSEN FRUIT COMPANY v. M. C. HORNER.[1]

November 1, 1918.

No. 20,978.

**Change of venue — compliance with statutory requirements.**

1. To effect a change of venue under G. S. 1913, § 7722, defendant must make a record showing full compliance therewith. It is not enough that the affidavit and demand be served upon plaintiff's attorneys, but the same together with the proof of service thereof must be filed with the clerk of the court in the county where the action was begun, within the time fixed by the statute.

**Same — stipulation — striking case from calendar.**

2. A stipulation entered into after service of demand for a change of venue, *held* sufficient to justify the trial court in striking the case from the calendar in the county where the action was brought.

Action in the district court for St. Louis county. The facts in relation to the application for a change of venue to Carlton county are stated at the beginning of the opinion. From an order, Dancer, J., striking the cause from the March calendar of the district court, plaintiff appealed. Affirmed.

*Lathers & Hoag,* for appellant.
*Middaugh & Coger,* for respondent.

QUINN, J.

This action was brought in St. Louis county in December, 1917. Defendant resided in Carlton county. On December 28 defendant served an affidavit and demand for a change of venue to Carlton county, under the provisions of section 7722, G. S. 1913. This demand and affidavit, with proof of service thereof upon plaintiff's attorney, were not filed with the clerk of court of St. Louis county until February 7, 1918, or more than 30 days after the service thereof. On January 12 the following stipulation was entered into by counsel:

[1]Reported in 169 N. W. 251.

State of Minnesota   ⎫              District Court
               ⎬ ss.       Eleventh Judicial
County of Carlton   ⎭                 District

Knudsen Fruit Company, a Corporation Plaintiff,
     vs.
M. C. Horner, Defendant.

It is stipulated that the time for answering in the above entitled action be extended to January 21, 1918.

It is further stipulated that at the option of the plaintiff the above entitled action shall stand for trial at the first term of the District Court hereafter convening in Carlton county, and notice of trial and filing of note of issue is waived.

Dated January 12, 1918.           Lathers & Hoag,
                            Attorneys for Plaintiff.
                    Middaugh & Coger,
                            Attorneys for Defendant.

On February 6, counsel for plaintiff served notice of trial of the action at the next regular term to be held in St. Louis county. The cause being upon the calendar for such term, defendant, at the call thereof on the first day of the term, moved the court to strike the same from the calendar. The court so directed and plaintiff appealed from the order.

The section of the statute in question provides that "such demand and affidavit with proof of service thereof upon the plaintiff's attorney shall be filed with the clerk in the county where the action was begun, within thirty days from the date of its service, and thereupon the place of trial shall be changed to the county where the defendant resides without any further proceedings."

To effect a change of venue under the provisions of this statute, defendant must make a record showing full compliance therewith. It must appear from the affidavit that at the time of the commencement of the

action the defendant resided in a county other than the one in which the action was brought, the demand must be made seasonably, in due form, and the same with proof of service thereof upon plaintiff's at-torneys must be filed with the clerk in the county where the action was begun within 30 days of the day of its service. However, we are of the opinion that the trial court was right in striking the cause from the calendar, under-the record in this case. The demand was served upon counsel for plaintiff on December 28. Fifteen days thereafter the above stipulation was signed. The venue as contained in the stipulation was Carlton county, and the reference to the place of trial therein was such as to justify the trial court in striking the case from the calendar.

The order appealed from is affirmed.