## J. C. HINDAL v. THE KAHLER CORPORATION.[1]

March 6, 1925.

No. 24,730.

**Change of venue.**

Change of venue can be effected only in accordance with requirements of G. S. 1923, § 9215, or by express agreement.   [Reporter.]

Upon the relation of J. C. Hindal the supreme court granted its alternative writ of mandamus directed to the district court for Olmsted county and the Honorable Charles E. Callaghan, judge thereof, to show cause why the case should not be reinstated and the trial thereof proceed. Writ discharged.

*H. J. Edison,* for relator.

*K. A. Campbell* and *B. Burness,* for respondent.

PER CURIAM.

Alternative writ of mandamus requiring the district court of Olmsted county to proceed with the trial of the above entitled action or show cause why it should not do so.

From the writ and the return thereto, it appears that the action was brought in Dodge county; that the summons and complaint were served January 13, 1925; that defendant served an affidavit and demand for a change of venue to Olmsted county, where its place of business is located, on January 30, 1925, and served its answer on February 2, 1925; that plaintiff served his reply and a notice of trial on February 4, 1925, and placed the case on the calendar for the Olmsted county term beginning on February 16, 1925; and that at the opening of the term on February 16 the court struck the case from the calendar on the ground that it was still pending in Dodge county, for the reason that the affidavit and demand for the change of venue had not been filed with the clerk in Dodge county. The statute provides:

"Such demand and affidavit, with proof of service thereof upon the plaintiff's attorney, shall be filed with the clerk, in the county where the action was begun, within thirty days from the date of its service, *and thereupon* the place of trial shall be changed to the county where the defendant resides, without any other proceedings."   G. S. 1923, § 9215.

[1]Reported in 202 N. W. 820.

In striking the case from the calendar the learned trial court quoted the above provision of the statute and then said:

"It clearly appears that the place of trial is not changed by virtue of such demand and affidavit until they have been filed with the clerk in the county where the action was begun, and not then unless they are filed within thirty days after they are served. It follows that the action is still pending in Dodge County and must be stricken from the calendar. I do not know why thirty days is allowed defendant in which to file this demand and affidavit after service, but that is the time the law allows and the court has no power to change it."

Nothing more need be said. The ruling necessarily followed from the statute. In Knudsen Fruit Co. v. Horner, 141 Minn. 59, 169 N. W. 251, after a demand and affidavit for a change of venue from St. Louis county to Carlton county had been served the parties stipulated that the action should stand for trial in Carlton county at the next term thereof. It was held that this stipulation changed the place of trial, although the demand and affidavit were not filed within the specified time.

In the present case plaintiff insists that the fact that the answer and the reply thereto were entitled in Olmsted county effected the change. We cannot so hold. In Webster v. Beckman, supra, page 132, where the venue had been changed from Renville to Nicollet county in the manner provided by the statute, it was held that the plaintiff by retaining the answer entitled in Nicollet county and by serving a reply also entitled in that county waived the right to insist that the defendants procuring the change did not have the right to demand it. But that is not this case. We think that a change of venue can be effected only by a compliance with the requirements of the statute or by express agreement. Any less definite rule would create too much uncertainty and confusion.

Writ discharged.