STATE EX REL. A. K. BONDY v. WALTER A. RYBERG.[1]

December 3, 1926.

No. 25,573.

**Time for filing with clerk of court demand and affidavit for change of venue.**
1. After serving the affidavit and demand for a change of venue pursuant to G. S. 1923, § 9215, the defendant may make a second service at any time within 20 days after the summons was served and if he does the time within which the papers must be filed with the clerk of court begins to run from the date of the second service.

**When filing fee must be paid in district court for Hennepin county.**
2. Under G. S. 1923, § 9215, to effect a change of venue of an action commenced in the district court of Hennepin county, the deposit fee required by L. 1903, c. 333, must be paid and the affidavit and demand filed within 30 days after service was made.

**No waiver on part of plaintiff.**
3. By retaining the answer in which the venue was laid in the county of defendant's residence, and by serving a reply before the affidavit and demand were filed, the plaintiff did not waive the right to insist that a change of venue had not been effected.

Venue, 40 Cyc. p. 147 n. 60; p. 173 n. 45, 58; p. 181 n. 33.

Application for a peremptory writ of mandamus directing the clerk of the district court for Hennepin county to transmit files in an action to Otter Tail county. From an order, Reed, J., denying the writ, A. K. Bondy appealed. Affirmed.

*John N. Berg, Anton Thompson* and *John B. Thompson,* for appellant.

*Ithamar Tracy,* for respondent.

LEES, C.

The Independent Silo Company commenced an action against the relator Bondy in the district court of Hennepin county, service of

[1]Reported in 211 N. W. 11.

the summons and complaint being made on December 7, 1925. On December 11th Bondy, who is a resident of Otter Tail county, made an affidavit and demand for a change of venue to that county and mailed the papers to the attorney for the silo company. Service was admitted as of December 12th, but the papers were not returned to Bondy's attorney until December 22nd. On that day a second affidavit and demand were served, and on December 26th an answer, in which the venue was laid in Otter Tail county. The silo company replied to the answer on January 6th. On January 21st the second affidavit and demand, with proof of the service thereof, were received by the clerk of the district court of Hennepin county. The statutory filing fee did not accompany the papers. The clerk held but did not file them and notified Bondy's attorney that the fee would have to be paid. On January 26th it was paid. Thereupon the papers were filed and then sent to the clerk of court for Otter Tail county. On February 4th he returned them because it appeared that they had not been filed in the county where the action was commenced within 30 days after they were served. Bondy then applied to the district court of Hennepin county for a peremptory writ of mandamus directing the clerk to transmit the papers to Otter Tail county. The application was denied and this appeal followed.

Section 9215, G. S. 1923, provides in substance that if the county designated in the complaint is not the proper county in which to bring the action, the defendant, within 20 days after the service of the summons, may demand that the action be tried in the proper county. The demand must be accompanied by an affidavit setting forth the county of his residence at the time of the commencement of the action. The affidavit and demand, with proof of service, must be filed with the clerk of court in the county where the action is begun within 30 days from the date of the service. Upon compliance with these requirements, the place of trial is changed to the county where the defendant resides without any other proceedings. It is held that, to effect the change, there must be a full compliance with the statute and the papers must be filed within 30

days after service. Knudsen Fruit Co. v. Horner, 141 Minn. 59, 169 N. W. 251. The 30-day period began to run on December 22nd when the second affidavit and demand were served, and not on December 12th when the first service was made.

Bondy had a right to make a second service of the demand at any time within 20 days after the summons was served. By making the second service, he probably waived the right to take advantage of the first one.

If the affidavit, demand and proof of the second service thereof were filed on January 21st, the place of trial was ipso facto changed. If they were not filed until January 26th the place of trial was not changed. Numerous cases are cited holding that a paper is filed when it is delivered to and received by the proper officer for filing and that an indorsement showing the filing is not essential. Two of these cases had to do with the filing of chattel mortgages, Gorham v. Summers, 25 Minn. 81; Appleton Mill Co. v. Warder, 42 Minn. 117, 43 N. W. 791; one, with the filing of a notice of appeal from an order of a town board laying out a highway, Burkleo v. Town Board, 108 Minn. 224, 120 N. W. 526, 121 N. W. 874; one, with the filing of an affidavit for the publication of a summons, Bogart v. Kiene, 85 Minn. 261, 88 N. W. 748; and one, with the filing of an application for the entry of land in the government land office, Hastay v. Bonness, 84 Minn. 120, 86 N. W. 896. None involved the filing of an affidavit and demand for a change of venue.

Section 9865, G. S. 1923, provides:

"Every * * * clerk of a court of record, upon being paid the legal fees therefor, shall receive and deposit in his office any * * * papers which shall be offered him for that purpose * * *."

Section 2, c. 333, p. 578, L. 1903, regulating fees of clerks of the district court in counties having a population of 200,000 or over provides that the defendant, when his appearance is entered in an action or proceeding, or when the first paper on his part is filed therein, shall pay a fee of one dollar, and § 11 provides that all fees, except in criminal proceedings, shall be paid in advance and that

the clerk shall not proceed in any matter requiring the payment of fees until the same are paid. Chapter 333 applies to Hennepin county. Section 9492, G. S. 1923, relating to appeals from the district to the supreme court, is analogous in one respect: It provides that when the appellant files the notice of appeal and bond with the clerk of the lower court, he shall make a deposit of $15. We have held that the making of the deposit is an essential step in the appeal and that unless it is made the appeal is not effective. Northern Oil & Gas Co. v. Birkeland, 164 Minn. 466, 203 N. W. 228, 205 N. W. 449, 206 N. W. 380. Bondy was required to pay the filing fee before he had a right to have the affidavit and demand placed on file. The provisions of the statutes clearly distinguish this case from those upon which the appellant relies.

The contention that, by retaining the answer in which the venue was laid in Otter Tail county and by replying thereto, the silo company waived the defect in the proceedings, cannot be sustained. In the reply the venue was laid in Hennepin county and at the time it was served the action was still pending in that county. The facts are materially different from those in Webster v. Beckman, 162 Minn. 132, 202 N. W. 482, upon which appellant relies.

Order affirmed.